# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2022

Lyle W. Cayce
Clerk

No. 21-51193
Summary Calendar

Melvin B. Daniels,

*Plaintiff—Appellant*,

*versus*

Attorney Israel Saucedo; Barrett Daffin Frappier;
Christopher S. Ferguson; Jack O'Boyle & Associates,
P.L.L.C.; SurfInvestor Incorporated 401K Amiga
Resources, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CV-101
USDC No. 7:21-CV-109

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51193

Melvin Daniels sued attorneys Israel Saucedo, Barrett Frappier, and Christopher Ferguson; law firm Jack O'Boyle & Associates; and SurfInvestor (collectively, the "Defendants")[1] for wrongful eviction and unlawful lending practices. The district court granted Defendants' motion to dismiss. We affirm.

In 2004, Daniels purchased his home using two loans secured by the property. After Daniels failed to make payments on the loans, one of the mortgagees sold its interest in the property to SurfInvestor in a non-judicial foreclosure sale. SurfInvestor then filed an eviction suit and was awarded possession of the property. After being evicted, Daniels sued Defendants, asserting various federal and state law claims.[2] Defendants moved to dismiss for failure to state a claim. Daniels failed to file a response.

The district court concluded Daniels's claims against the attorney Defendants were barred because, under Texas law, attorneys are immune from suits brought by their client's adversaries when the claims concern the attorney's duties in representing a client. Turning to SurfInvestor, the court concluded Daniels both failed to plead which specific provisions SurfInvestor violated and failed to plead sufficient evidence to support his claims. The district court thus granted Defendants' motion and dismissed all claims with prejudice.

---

[1] SurfInvestor retained Mr. Ferguson and Jack O'Boyle & Associates for representation in eviction proceedings. The mortgagee, U.S. Bank National Association, and mortgage servicer, Gregory Funding, LLC, retained Messrs. Saucedo and Frappier for representation in foreclosure proceedings.

[2] Specifically, Daniels asserted: (1) violations of the Fair Debt Collection Practices Act; (2) violations of the Truth in Lending Act; (3) wrongful foreclosure; (4) breach of contract; (5) slander of title; (6) slander of credit; (7) intentional or negligent infliction of emotional distress; and (8) civil rights violations pursuant to 42 U.S.C. § 1983.

No. 21-51193

On appeal, Daniels has entirely failed to brief why the district court erred in dismissing his case. He has therefore forfeited any error in that regard. Instead, Daniels generally reasserts his complaint's boilerplate claims and argues, for the first time, that junior lienholders cannot foreclose on a property before satisfying the majority lienholder's debt. We will not consider arguments raised for the first time on appeal. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court . . . or by failing to adequately brief the argument on appeal.").

AFFIRMED.