# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2023

Lyle W. Cayce
Clerk

No. 22-10359

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Team Resources Incorporated; Fossil Energy
Corporation; Kevin A. Boyles,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-1045

Before Elrod, Haynes, and Willett, *Circuit Judges*.

Per Curiam:*

This civil enforcement action has come before us twice before. Most recently, we remanded it to the district court for further proceedings in light of the U.S. Supreme Court's decision in *Liu v. SEC*, 140 S. Ct. 1936 (2020), which held that disgorgement, when ordered as "equitable relief" under 15 U.S.C. § 78u(d)(5), is limited to a wrongdoer's net profits. On remand, the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10359

district court denied the defendants' request to hold a live hearing on the recalculation of the disgorgement award, resolving the issue on the Government's uncontradicted documentary evidence. The court also declined to revisit the civil penalty it imposed, which we had affirmed in the initial appeal of this matter, reasoning that the issue was outside the scope of its mandate on remand. The defendants have again appealed, arguing that they were entitled to a live evidentiary hearing (even though they waived any right to a live hearing); that the district court should not have imposed a civil penalty (even though they forfeited this challenge in their initial appeal); and that the civil penalties violate the Eighth Amendment (even though they did not raise this argument to the district court). We AFFIRM.

I

The Securities and Exchange Commission filed this civil enforcement action in 2015 against Kevin Boyles and two companies he created, Team Resources, Inc. and Fossil Energy Corp., alleging that these defendants had defrauded approximately 475 investors of more than $33 million in violation of the federal securities laws. The parties quickly entered into settlements known as consent agreements.[1]

Among other things, the parties agreed that the SEC would move for an order of disgorgement and for civil penalties. Of particular relevance to this appeal, the parties further agreed that in connection with the SEC's motion, "the parties may take discovery" but "the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence."

---

[1] The facts of this case are set forth in more detail in our prior opinion, *SEC v. Team Res., Inc.*, 942 F.3d 272 (5th Cir. 2019), *cert. granted, judgment vacated*, 141 S. Ct. 186 (2020).

No. 22-10359

The district court entered partial judgments incorporating the terms of the consents.

In 2018, upon motion by the SEC, the district court ordered the defendants jointly and severally liable for disgorgement in the amount of $15,508,280, which is equal to the funds that the defendants fraudulently took from investors, less payments returned to the investors, within the applicable limitations period. Additionally, the court imposed a civil penalty against Boyles individually for $15,508,280—the amount equal to Boyles's gross pecuniary gain. The defendants appealed that initial judgment, attacking primarily the disgorgement award.

We affirmed. Relevant here, we rejected the defendants' argument that the disgorgement amount should have been lowered to account for their business expenses. *SEC v. Team Res., Inc.*, 942 F.3d 272, 279 (5th Cir. 2019). We also held that the "district court did not abuse its discretion by ruling on the SEC's remedies motion without holding an evidentiary hearing." *Id.* at 278. After all, "the parties agreed that the district court could resolve issues in the SEC's disgorgement motion 'on the basis of the affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence.'" *Id.* at 278–79. "So the court's decision to rule on the SEC's motion without first holding a hearing could not have violated Appellants' rights under the settlement agreements because those agreements did not create a right to a hearing." *Id.* at 279. The defendants petitioned for certiorari.

After the Supreme Court decided *Liu v. SEC*, 140 S. Ct. 1936 (2020), the Court granted the defendants' petition for certiorari and vacated our prior judgment, remanding this case for reconsideration in light of *Liu. See Team Res., Inc. v. SEC*, 141 S. Ct. 186 (2020). *Liu* held that an order of disgorgement, when awarded as "equitable relief" under 15 U.S.C.

3

§ 78u(d)—at least as the statute existed at the time[2]—is limited to a defendant's *net* profits, meaning a court must deduct legitimate business expenses when calculating the award. *Liu*, 140 S. Ct. at 1940. We therefore remanded to the district court "for further proceedings consistent with the Supreme Court's decision in *Liu*." *SEC v. Team Res., Inc.*, 815 F. App'x 801 (5th Cir. 2020) (per curiam).

On remand, the SEC filed a renewed motion for remedies, deducting what it deemed legitimate expenses according to *Liu* and, as a result, reducing its calculation of disgorgement from $15,508,280 to $2,410,630. The SEC supported its motion with over 500 pages of documentary evidence. In response, the defendants critiqued the SEC's calculations as "flawed and incomplete" but submitted no rebuttal documentary evidence. Instead, they argued that a live evidentiary hearing was necessary to properly calculate disgorgement under *Liu*. Additionally, Boyles asked the district court not to impose a civil penalty against him because of his financial condition.

The district court denied the request for a live hearing, reasoning that "[i]n the settlement agreements . . . the Defendants waived any right to a hearing and expressly agreed for [the district court] to resolve this issue on the papers." *SEC v. Team Res., Inc.*, No. 3:15-CV-1045-N, 2022 WL 463390, at *2 (N.D. Tex. Feb. 15, 2022). Noting that the defendants did not oppose the SEC's calculation of disgorgement with documentary evidence, the court concluded from the evidence it had that the SEC's calculation was correct. *Id.* Additionally, the court imposed the same civil penalty it had imposed before, reasoning that *Liu* addressed only disgorgement, not civil

---

[2] Congress amended the statute after *Liu* to explicitly permit disgorgement as a legal remedy. *See SEC v. Hallam*, 42 F.4th 316, 334–35 (5th Cir. 2022) (discussing the amendments).

penalties, so a reconsideration of the penalty was outside the scope of its mandate on remand. *Id.* at *3. Altogether, the court awarded disgorgement, jointly and severally among the defendants, in the amount of $2,410,630 and a penalty against Boyles in the amount of $15,508,280.

## II

On appeal, the defendants raise three sets of arguments, none of which is persuasive.

First, they primarily contend that the district court erred in denying them a live evidentiary hearing on remand at which they could challenge the SEC's calculation of disgorgement and civil-penalty amounts. We review the district court's denial of a hearing for abuse of discretion, *SEC v. Hallam*, 42 F.4th 316, 325 (5th Cir. 2022), and find no reversible error. Here, the appellants agreed that the district court could calculate disgorgement and penalties on the basis of the papers alone. The district court did not abuse its discretion in doing so. Indeed, we reached this very same conclusion in the prior appeal of this matter and see no reason to hold otherwise this time around. *Team Res., Inc.*, 942 F.3d at 279. Finally, as we observed recently in a similar case, the Federal Rules of Civil Procedure allow district courts to decide motions—including motions for remedies under the securities laws such as the one at issue here—"on briefs, without oral hearings." *Hallam*, 42 F.4th at 324 (quoting Fed. R. Civ. P. 78(b)). The district court did not abuse its discretion in denying a live evidentiary hearing.

Second, Boyles contends that the district court erred by not revisiting its imposition of the civil penalty because the district court misunderstood the scope of its mandate on remand. Boyles, however, did not challenge the civil penalty in his initial appeal to this Court. Any such challenge, therefore, was forfeited in the initial appeal to this Court. *See SEC v. World Tree Fin., LLC*, 43 F.4th 448, 466 n.13 (5th Cir. 2022) ("Though the district court also

imposed civil penalties against each Defendant, Defendants do not brief any challenges to the civil penalties and thus waive any related issues."). And because the issue was forfeited in the initial appeal, it is likewise deemed forfeited in any subsequent appeal unless there was no reason to raise it in the initial appeal. *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) ("[I]n the first appeal Griffith waived the issue of a decrease for his limited participation in the conspiracy, because he did not raise it in that court. The issue is deemed waived on this appeal as well, unless 'there was no reason to raise it in the initial appeal.'" (quoting *United States v. Lee*, 358 F.3d 315, 324 (5th Cir. 2004))); *see also Air Midwest Inc. v. Atl. Ltd. P'Ship XII*, 742 F.3d 206, 213 (5th Cir. 2014) (in a subsequent appeal, refusing to consider a claim that appellants failed to raise on initial appeal despite broadly worded remand language); *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453–54 (5th Cir. 2007) (same). Here, Boyles had every reason to challenge the imposition of a civil penalty in his initial appeal, but he did not do so. Accordingly, we hold that he cannot challenge the penalty for the first time in this subsequent appeal.

Finally, Boyles argues that the civil penalty violates the Eighth Amendment because it is more than six times the disgorgement award. Because Boyles did not raise this argument to the district court, however, it is forfeited as well. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court[.]"). We therefore decline to consider it. *See Spotts v. United States*, 613 F.3d 559, 569 (5th Cir. 2010) (declining to consider Eighth Amendment argument not raised to the district court).

AFFIRMED.