# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2023

Lyle W. Cayce
Clerk

No. 21-40806

Ann Wilder,

*Plaintiff—Appellant*,

*versus*

Stephen F. Austin State University,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:20-CV-40

Before Smith, Barksdale, and Haynes, *Circuit Judges*.

Per Curiam:*

At issue are jury-trial rulings: (1) admitting defendant's exhibit 6 (compilation of complaints against plaintiff); (2) admitting evidence pertaining to her subsequent employment; (3) excluding evidence of complaints against a male professor; and (4) denying plaintiff's mistrial motion. AFFIRMED.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-40806

I.

Stephen F. Austin State University (SFA) in July 2014 hired Ann Wilder, Ph.D., as a tenure-track professor in the Master of Social Work program. Informal student complaints against her began as early as that October; and, in 2017, six formal harassment complaints were filed by students.

An investigation was conducted by her dean; and, in January 2018, he concluded Dr. Wilder violated SFA's harassment policy, with immediate termination recommended to, and accepted by, SFA's provost. On appeal, the discrimination review board (DRB), in May 2018 determined her conduct did not rise to harassment.

While awaiting the outcome of the DRB hearing, Dr. Wilder in March 2018 learned of alleged pay inequities between her and a similarly-situated male professor. She filed a formal complaint with SFA on 19 June 2018, claiming sex discrimination based on pay disparity.

SFA on 24 July 2018 signed a terminal-year contract for Dr. Wilder for school-year 2018–19. She was notified of the contract that 8 August, subsequently declining it and giving her notice of resignation on 23 August. She accepted a position at Carlow University in Pittsburg, Pennsylvania, that same day.

Dr. Wilder filed this action in 2020. The claims against SFA were for, *inter alia*, violations of the Equal Pay Act and Title VII. (The parties consented to proceed before a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.) A three-day jury trial—during which Dr. Wilder's mistrial motion was denied—resulted in a verdict for SFA on all claims. Final judgment was entered in September 2021, dismissing this action with prejudice.

## II.

Dr. Wilder challenges three evidentiary rulings and the denial of her mistrial motion. We turn first to the evidentiary challenges.

## A.

Preserved challenges to evidentiary rulings are reviewed for abuse of discretion. *E.g.*, *Caparotta v. Entergy Corp.*, 168 F.3d 754, 755 (5th Cir. 1999). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Certain Underwriters at Lloyd's v. Axon Pressure Prod., Inc.*, 951 F.3d 248, 256 (5th Cir. 2020) (citation omitted). Evidentiary rulings are "subject to the harmless error doctrine"; therefore, even if the court abused its discretion, "the ruling will be reversed only if it affected the substantial rights of the complaining party". *Adams v. Memorial Hermann*, 973 F.3d 343, 349 (5th Cir. 2020) (citation omitted); *see also* FED. R. EVID. 103(a); *Perez v. Texas Dept. of Crim. Just., Inst. Div.*, 395 F.3d 206, 210 (5th Cir. 2004) ("An erroneous evidentiary ruling is reversible error only if the ruling affects a party's substantial rights."). For the reasons that follow, there was no reversible error.

## 1.

Dr. Wilder contends SFA's exhibit 6 (compilation of complaints against her) should have been excluded, at least in part, as unfairly prejudicial under Federal Rule of Evidence 403. (In addition, and for the first time on appeal, she challenges the exhibit as defamatory and in violation of her First Amendment rights. And, despite raising a hearsay challenge to that exhibit in district court and in her reply brief here, she failed to present that challenge in her opening brief. Pursuant to our general rules—subject to exceptions which don't apply here—regarding forfeited and waived claims, we decline to address these contentions. *E.g.*, *Rollins v. Home Depot USA*, 8 F.4th 393,

397–98 (5th Cir. 2021); *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).)

SFA asserted in district court the decision to issue Dr. Wilder the terminal contract was based on, among other reasons, complaints made against her. Dr. Wilder fails to show those contained in exhibit 6 were not part of that decision. Accordingly, the court reasonably found the complaints were probative to SFA's defense, and Dr. Wilder does not show any prejudice resulting from admission was unfair, nor that it substantially outweighed the exhibit's probative value. *See* Fed. R. Evid. 403. Therefore, the Rule 403 balancing test favored admission. *E.g.*, *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013).

2.

Dr. Wilder claims evidence regarding her termination from her subsequent position at Carlow University was, again, unduly prejudicial under Rule 403. *See* Fed. R. Evid. 403. After hearing the parties' positions and reasonably assessing the evidence, the court allowed limited testimony about Dr. Wilder's belief regarding discrimination against her at Carlow University for the purpose of inquiring about the bases for her claimed emotional-distress damages in this action.

Her mental state at her subsequent place of employment in the year following her termination from SFA was relevant to the compensatory damages for emotional distress she sought from SFA; and, pursuant to the above discussed standard, she fails to show the probative value of the limited testimony was substantially outweighed by the danger of unfair prejudice. Alternatively, even assuming error, and pursuant to the earlier described harmless-error standard, it did not affect her substantial rights.

3.

For her final evidentiary issue, Dr. Wilder contests the exclusion of evidence of complaints against a male colleague and of the subsequent lack of investigation of them by SFA. The court conducted a "fact-intensive, context-specific inquiry" and concluded this evidence was irrelevant and its admission would confuse the issues. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). There was no abuse of discretion.

B.

Denial of a mistrial motion is also reviewed for abuse of discretion. *E.g.*, *Zamora v. City of Hous.*, 798 F.3d 326, 331 (5th Cir. 2015). "The decision to declare a mistrial is left to the sound discretion of the judge, and granting a mistrial is appropriate when there is a high degree of necessity." *Id.* at 337 (citation omitted). Because "the trial judge is in the best position to evaluate accurately the potential impact" of improper intrusion of extrinsic evidence on the jury, our court "should accord great weight to the trial court's finding that the evidence in no way interfered with any juror's decision". *Id.* (citation omitted).

Ten days before trial, SFA disclosed, for the first time, two documents relevant to the timeline forming the basis of Dr. Wilder's retaliation claims. (She maintains the decision to issue her terminal contract occurred after she filed her formal complaint on 19 June 2018; as noted, she claimed sex discrimination based on pay disparity.) The court in a 13 August 2021 order granted Dr. Wilder's motion to exclude this evidence: "SFA may not introduce these documents into evidence or allude to their existence"; and "SFA must instruct its witnesses that they cannot testify that the decision to offer Dr. Wilder a terminal contract was made on June 6, 2018, or any other *specific date* prior to June 19, 2018". (Emphasis in original.) As noted, 19

No. 21-40806

June was the date she filed her complaint against SFA; it signed the terminal contract on 24 July; and it was offered to Dr. Wilder on 8 August.

Dr. Wilder maintains: two witnesses testified about when the terminal-contract-offer decision was made; and SFA discussed that decision in closing argument. After SFA completed closing argument and before her rebuttal, she moved orally for a mistrial (she had not objected to the witnesses' challenged testimony, however, and did not mention that testimony in her motion; she only addressed SFA's closing argument). The motion was denied summarily.

Even assuming SFA violated the order, the limited amount of prejudicial information was not so "pronounced and persistent that it permeate[d] the entire proceeding". *Winter v. Brenner Tank, Inc.*, 926 F.2d 468, 473 (5th Cir. 1991). There was no abuse of discretion. *E.g.*, *Zamora*, 798 F.3d at 337.

## III.

For the foregoing reasons, the judgment is AFFIRMED.