# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2023

Lyle W. Cayce
Clerk

No. 22-60329

New England Construction, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Weyerhaeuser Company; West Fraser, Incorporated;
Canfor Company; GP Wood Products, L.L.C.; Sierra
Pacific Industries; Interfor Company; Idaho Forest
Group; PotlatchDeltic Land ; Lumber, L.L.C.; RSG
Forest Products; John Does 1-5; John Doe Companies 1-5;
Hampton Tree Farms, L.L.C.; Canfor Corporation,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-309

Before Clement, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Two Mississippi construction companies sued the ten largest lumber
manufacturers in the United States for artificially inflating the price of wood

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-60329

products during the COVID-19 pandemic. Because the Plaintiffs lack standing, we AFFIRM.

**I**

David B. Turner Builders LLC and New England Construction LLC—two Mississippi companies—sued a group of ten lumber manufacturers that operate in the United States. The Plaintiffs allege that the Defendants, using their "dominant position[s] in the lumber industry," collectively "conspired with each other to increase lumber prices over 100 percent during the COVID-19 pandemic . . . . " For support, the Plaintiffs contend "that there is no set of facts that could show Defendants randomly selecting the same exorbitant prices for lumber at the same time" but for a conspiratorial agreement. Because of the Defendants' "[c]onspiracy to monopolize in the lumber market," the Plaintiffs were forced to pay "extremely high and unreasonable prices." Consequently, the Plaintiffs sued the Defendants for violating several antitrust laws including the Sherman Antitrust Act, the Robinson-Patman Act, the Clayton Antitrust Act, the Hart-Scott-Rodino Act, as well as various state laws.

After the Defendants filed a Rule 12(b)(6) motion, the district court dismissed the Plaintiffs' suit for three reasons.[1] First, the district court found that the Plaintiffs' "federal antitrust claims" are "barred" because the Plaintiffs are "indirect purchasers." The district court noted that the "Plaintiffs have not made any direct purchases from any Defendant." Second, under the Sherman Act, the Plaintiffs "fail[ed] to allege sufficient facts to establish the existence of an agreement or conspiracy between [the]

---

[1] The district court previously considered a Rule 12(b)(6) motion filed against the Plaintiffs' original complaint, but gave the Plaintiffs leave to amend because they asserted "no more than conclusory allegations that Defendants violated the federal antitrust laws."

No. 22-60329

Defendants." Instead, the Plaintiffs rely on a theory of "parallel conduct," or alleging that each Defendant "raised prices on general lumber products at the same time." Finally, the Plaintiffs failed to show that the Defendants have "monopoly power in [the relevant] market," namely certain towns in Mississippi. The Plaintiffs, according to the district court, only offer evidence that the Defendants are players in the national lumber market, not necessarily those towns in Mississippi.[2] Following the dismissal, New England Construction alone appealed.

On appeal, New England Construction raises three issues. First, New England Construction maintains that the district court applied the wrong "standard of review for a motion to dismiss under the Sherman [Act]." Specifically, New England Construction argues that its "factually backed" claims shouldn't have been dismissed without an "opportunity" to engage in discovery. Second, New England Construction argues that the district court erroneously found the Plaintiffs are "third party" purchasers because several "exhibits show[] the [Defendants'] name[s] on the product[s] purchased" by New England Construction. Third, New England Construction contends that it "met the probability requirements to state a claim under § 1983 Conspiracy of the Sherman [Act]."

---

[2] Notably, the district court dismissed the Plaintiffs' remaining claims on various grounds, including the failure to identify an anticompetitive merger, the non-existence of price discrimination, and the lack of involvement from state actors. The district court also dismissed the Plaintiffs' state law claims for failure to provide "notice of the 'grounds upon which the claims rest.'"

## II

As an initial matter, New England Construction only challenges the district court's disposition of its Sherman Antitrust Act claims.[3] Therefore, the remainder of the Plaintiffs' appellate arguments are forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

Section 1 of the Sherman Act "prohibits all agreements that restrain trade." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 373 (5th Cir. 2014). Section 2 of the Sherman Act bars any "conspiracy to monopolize" a trade. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316 (5th Cir. 2000). But, to bring a claim under the Sherman Act, a plaintiff must be a "direct purchaser." *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 746 (1977). Indirect purchasers—or persons who are "not the immediate buyers from the alleged antitrust violators"—lack standing to sue in antitrust. *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 207–08 (1990); *Summit Off. Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981) (finding "an indirect purchaser of materials had no standing to assert a claim" under the Sherman Act).

New England Construction maintains that it is a "direct purchaser" because it bought the Defendants' "specific named brand wrapped lumber product[s]." For support, New England Construction relies on receipts for—and photos of—the Defendants' products at several national and local retailers, admitting that it "purchased [its] lumber at these stores." Those stores include Lowes, Home Depot, Barnett Phillips Lumber & Home Center (a "building supply store"), and Prassel Lumber Company, Inc. (a "retail

---

[3] New England Construction also appeals the dismissal of its 42 U.S.C. § 1983 claim. Because New England Construction didn't allege the presence of a state actor, its claim fails outright. *See Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004).

store") in Mississippi. None of those entities are named defendants in this case. Because the "Plaintiffs have not made any direct purchases from any Defendant," the district court dismissed New England Construction's Sherman Act claims.

In response to the district court, New England Construction avers that "[w]here the named product was purchased is of no consequence . . . under the case of *Illinois [B]rick*." We disagree. The parties to the transaction—including their location—is the pinnacle consideration for the direct purchaser rule established in *Illinois Brick*, 431 U.S. at 746. For example, the plaintiffs in *UtiliCorp* "bought their gas from the utilities, not from the suppliers said to have conspired to fix the price of the gas." 497 U.S. at 207. Considering the "direct purchaser rule established in" *Illinois Brick*, the Supreme Court found that "any antitrust claim against the defendants [was] not for [the plaintiffs], but for the utilities to assert." *Id*. Here, New England Construction didn't buy its lumber products directly from any of the Defendants, but instead through retail stores. So, there was an "intermediary in the distribution chain between the [manufacturer] and the consumer." *Apple Inc. v. Pepper*, 139 S. Ct. 1514, 1521 (2019). Consequently, New England Construction is an indirect purchaser and, as a result, lacks standing to sue the Defendants under the Sherman Act.

The district court's decision is AFFIRMED