# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2021

Lyle W. Cayce
Clerk

No. 20-50736

Kevin Rollins,

*Plaintiff—Appellant*,

*versus*

Home Depot USA, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-259

Before Ho, Oldham, and Wilson, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

This is a cautionary tale for every attorney who litigates in the era of e-filing. Kevin Rollins brought suit against his employer for personal injury. The employer filed a motion for summary judgment on the eve of the parties' agreed deadline for dispositive motions. But Rollins's counsel never saw the electronic notification of that motion. That's because, by all accounts, his computer's email system placed that notification in a folder that he does not regularly monitor. Nor did he check the docket after the deadline for dispositive motions had elapsed.

No. 20-50736

As a result, Rollins did not file an opposition to the summary judgment motion. So the district court subsequently entered judgment against Rollins.

Rollins seeks relief from that judgment under Federal Rule of Civil Procedure 59(e). But our precedents make clear that no such relief is available under circumstances such as this. Accordingly, the district court did not abuse its discretion in denying relief under Rule 59(e).

On appeal, Rollins additionally argues that a fact dispute precludes summary judgment. But he never presented that argument to the district court—not even in his Rule 59(e) motion. Accordingly, he forfeited the argument.

For these reasons, we affirm.

## I.

Rollins was injured while moving a bathtub for his employer, Home Depot. He then sued Home Depot in state court. The case was subsequently removed to federal court.

Counsel for Rollins agreed to receive filings through the district court's electronic-filing system via the email address he provided, as attorneys typically do in federal courts across the country. The parties later agreed to a scheduling order requiring that all dispositive motions be filed by May 11, 2020.

On May 7, Home Depot filed its motion for summary judgment. Rollins's counsel contends—and Home Depot does not dispute—that the notification for that filing "was inadvertently filtered into a part of Rollins' counsel's firm email system listed as 'other,' instead of the main email box where all prior filings in the case were received." As a result, counsel did not see the electronic notification of Home Depot's motion. Nor did counsel

learn of that motion when he contacted Home Depot's counsel a few days later to discuss the possibility of a settlement.

The scheduling order imposed a 14-day deadline to file and serve responses to any motions. After that deadline came and went without any response from Rollins, the district court reviewed the pleadings, granted Home Depot's motion for summary judgment, and entered final judgment on May 27.

But Rollins's counsel did not know any of this until June 3. That's when counsel reached out to Home Depot's counsel again to raise the possibility of settlement. In response, Home Depot's counsel informed him that the district court had already entered final judgment.

Rollins filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the court's judgment against him. The district court denied the motion. Rollins now appeals.

## II.

Rule 59(e) states, in full, that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). This is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "We review the denial of a Rule 59(e) motion only for abuse of discretion." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

The text of Rule 59(e) does not specify the available grounds for obtaining such relief. But our court has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence"—not for raising arguments "which could, and should, have been made before the judgment issued." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019)

(quotation omitted). We have further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003). None of those conditions are met here.

Rollins contends that the district court abused its discretion when it denied his Rule 59(e) motion, on the ground that the only reason his counsel did not know about Home Depot's motion for summary judgment was due to a glitch in his email system.

This argument is squarely foreclosed under our precedent. In *Trevino v. City of Fort Worth*, the plaintiffs' counsel failed to file a response to the defendant's motion to dismiss because, among other reasons, "defective antivirus software diverted court emails to a spam folder." 944 F.3d 567, 570 (5th Cir. 2019) (per curiam). After the district court granted the defendant's unopposed motion to dismiss, the plaintiffs sought relief under Rule 59(e). *Id.* We rejected the argument, explaining that "[f]ailure to file a response to a motion to dismiss is not a manifest error of law or fact" under Rule 59(e). *Id.* at 571. *See also Templet*, 367 F.3d at 478–79 (concluding that the district court did not err in denying Rule 59(e) relief when plaintiffs failed to file a response to defendants' motion for summary judgment).

To be sure, we do not question the good faith of Rollins's counsel. But it is not "manifest error to deny relief when failure to file was within [Rollins's] counsel's 'reasonable control.'" *Trevino*, 944 F.3d at 571. Notice of Home Depot's motion for summary judgment was sent to the email address that Rollins's counsel provided. Rule 5(b)(2)(E) provides for service "by filing [the pleading] with the court's electronic-filing system" and explains that "service is complete upon filing or sending." FED. R. CIV. P. 5(b)(2)(E). That rule was satisfied here. Rollins's counsel was plainly in the best position to ensure that his own email was working

properly—certainly more so than either the district court or Home Depot. Moreover, Rollins's counsel could have checked the docket after the agreed deadline for dispositive motions had already passed. *See Trevino*, 944 F.3d at 571 (stressing that "Plaintiffs had a duty of diligence to inquire about the status of their case."); *Two-Way Media LLC v. AT&T, Inc.*, 782 F.3d 1311, 1317 (Fed. Cir. 2015) (no abuse of discretion where district court found it "inexcusable for . . . counsel to fail to read all of the underlying orders they received, or—at minimum—to monitor the docket for any corrections or additional rulings"); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (describing counsel's argument that the electronic-filing system was to blame as "an updated version of the classic 'my dog ate my homework' line").

In sum, the district court did not abuse its discretion in denying the Rule 59(e) motion.

## III.

Rollins's Rule 59(e) motion in the district court did not address the merits of the district court's summary judgment decision. He argues for the first time on appeal that the district court should have granted his Rule 59(e) motion so that he could "show that there is a fact question on whether Home Depot breached its duty to him, as well as show that he was not the sole proximate cause of his injuries." This is the first time that Rollins challenges the merits of the district court's judgment. Home Depot responds that the argument is "waived." So this appeal presents the familiar question whether a court should consider arguments raised for the first time on appeal.

"The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 n.1 (2017). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the

'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal. *See United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017) ("Failure to raise a claim to the district court 'constitutes a forfeiture, not a waiver, of that right for the purposes of appeal.'") (quoting *United States v. Chavez-Valencia*, 116 F.3d 127, 130 (5th Cir. 1997)); *Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017) (noting that a party forfeits an argument by failing to adequately brief it); Fed. R. App. P. 28(a)(8)(A) (requiring appellant's argument to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies").[1]

Rollins forfeited his argument that a fact dispute precluded summary judgment by failing to raise it first before the district court. We do not ordinarily consider issues that are forfeited because they are raised for the first time on appeal.

Of course, there are exceptions. *See Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000). Jurisdictional arguments

---

[1] There are numerous ways that a party can fail to adequately brief an argument. *See, e.g.*, *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (failure to "offer any supporting argument or citation to authority" or to "identify relevant legal standards and any relevant Fifth Circuit cases") (quotation omitted); *United States v. Rojas*, 812 F.3d 382, 407 n.15 (5th Cir. 2016) (failure to offer record citations); *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("A single conclusory sentence in a footnote is insufficient to raise an issue for review."); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (failure to include argument in the body of the brief); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (failure to address the district court's analysis and explain how it erred).

are one obvious exception. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

In addition, we've said that "an issue will not be addressed when raised for the first time on appeal unless it is a purely legal matter and failure to consider the issue will result in a miscarriage of justice." *Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 453 (5th Cir. 2008). *See also Pegues v. Morehouse Par. Sch. Bd.*, 706 F.2d 735, 738 (5th Cir. 1983) ("It is axiomatic that an issue not raised in the trial court will not be considered on appeal unless it involves a pure question of law, and our refusal to address it would result in a miscarriage of justice.").

But what constitutes a pure legal question or a miscarriage of justice is "a question with no certain answer." *Essinger*, 534 F.3d at 453. As a result, appellate courts have considerable discretion in deciding whether to consider an issue that was not raised below.

As commentators have observed, courts of appeals use this discretion inconsistently. *See, e.g.*, Amanda Frost, *The Limits of Advocacy*, 59 DUKE L.J. 447, 463 (2009) ("Federal circuit courts . . . act with little rhyme or reason" when deciding to consider forfeited arguments); Barry A. Miller, *Sua Sponte Appellate Rulings: When Courts Deprive Litigants of an Opportunity to Be Heard*, 39 SAN DIEGO L. REV. 1253, 1260 (2002) (noting "[t]he absence of a consistent principle"); Robert J. Martineau, *Considering New Issues on Appeal: The General Rule and the Gorilla Rule*, 40 VAND. L. REV. 1023, 1061 (1987) (analyzing cases and concluding that "[t]he only consistent feature of the current system is its inconsistency").[2]

---

[2] The "gorilla rule" "refers to unrestrained discretion, analogous to the right of a 600 or 800 pound gorilla to sleep anywhere he wants." *Essinger*, 534 F.3d at 453. *See also*

We must be on guard for the risk of judicial bias when it comes to discretionary practices such as addressing forfeited issues. As Justice Clarence Thomas has observed, "judges should adopt principles . . . that reduce judicial discretion. Reducing discretion is the key to fostering judicial impartiality. The greater the room for judicial discretion, the greater the temptation to write one's personal opinions into the law." Clarence Thomas, *Francis Boyer Lecture at the AEI Annual Dinner: Be Not Afraid* (Feb. 13, 2001), *available at* http://www.aei.org/publication/be-not-afraid. *See also* Antonin Scalia, *The Rule of Law as a Law of Rules*, 56 U. Chi. L. Rev. 1175, 1180 (1989) ("Only by announcing rules do we hedge ourselves in.").

It would surely be unacceptable, for example, if courts granted motions for extension of deadlines only for prosecutors and not for criminal defendants. Addressing forfeited issues in a biased manner is no different. Courts should not selectively address forfeited arguments just because they have sympathy for a particular litigant.

We see no principled basis for addressing Rollins's forfeited argument here. Whether Rollins would have been able to establish a fact dispute is plainly not a pure question of law. Nor is there manifest injustice to correct here—nothing prevented Rollins from alleging a fact dispute in the district court.

\* \* \*

For the foregoing reasons, we affirm.

---

Martineau, 40 Vand. L. Rev. at 1023 n.* ("A well known riddle asks: 'Where does an eight-hundred pound gorilla sleep?' The response is: 'Anywhere it wants.'").