# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2023

Lyle W. Cayce
Clerk

———————

No. 22-50185

———————

Shawn Mondeck, *Individually, and for Others Similarly Situated*;
Garrett Nichols,

*Plaintiffs—Appellants*,

*versus*

LineQuest, L.L.C.,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CV-221

————————————————————————

Before Stewart, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Two employees sued their employer under the Fair Labor Standards Act for failure to pay overtime. The district court granted summary judgment in favor of the employer. We find genuine issues of material fact with respect to whether the roles of the two employees fulfill the "administrative exemption" to the Act. REVERSED and REMANDED.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50185

## FACTUAL AND PROCEDURAL BACKGROUND

Garrett Nichols and Shawn Mondeck were employees of LineQuest, L.L.C., a "damage prevention" company. LineQuest specializes in providing "line locating, mapping, and hydro-excavation" services to its customers, which typically are oil and gas companies. Companies with buried utilities in oilfields contract with LineQuest to ensure their sunken assets are not hit when there is digging in the oilfields.

Plaintiff Garrett Nichols worked as a "Line Locator" for LineQuest from November 2018 to September 2019 in west Texas and New Mexico. For most of his tenure, Nichols was assigned to perform line locating services for EnLink Midstream, a LineQuest customer. As a Line Locator, Nichols was responsible for locating buried utilities using an RD7100 tool and marking the buried assets with flags and paint. When Nichols located a line that planned digging might affect, he coordinated a time with the digging company to be present when the excavation occurred. Although Nichols observed the excavation and reported to EnLink whether the digging crew had followed protocol, he did not have authority to require the digging crew to follow proper procedures.

Plaintiff Shawn Mondeck worked for LineQuest from May until September 2019. He initially trained as a Line Locator before undergoing a three-day training to become a Right of Way Technician. Right of Way Technicians observe the final phase of a pipeline construction project to ensure it is completed according to requisite standards. Mondeck was assigned to work with Medallion Midstream, a LineQuest customer. Mondeck observed the backfilling projects and filled out a report for Medallion detailing whether proper procedures were followed. Like Nichols, he did not have the authority to require the crew to follow proper procedures.

No. 22-50185

In September 2019, Mondeck, for himself and others similarly situated, sued LineQuest. He alleged violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime. 29 U.S.C. §§ 201, *et seq.* Nichols joined the lawsuit in December 2019; no other employees became plaintiffs. LineQuest moved for summary judgment, arguing plaintiffs were administrative employees exempt from overtime under the FLSA.

On August 3, 2021, the magistrate judge entered his Report and Recommendation, finding there were genuine issues of material fact regarding the application of the administrative exemption to both plaintiffs that precluded summary judgment. The district court disagreed and granted summary judgment for LineQuest against both Nichols and Mondeck. The court held that the administrative exemption test had been met as a matter of law with respect to both plaintiffs because: (1) the FLSA salary basis test was satisfied; (2) Nichols's and Mondeck's primary duties each involved non-manual work directly related to management or general business operations of the employer or employer's customers; and (3) those primary duties involved the exercise of discretion and independent judgment in matters of significance. Plaintiffs timely appealed.

## DISCUSSION

"We review a grant of summary judgment *de novo*, applying the same legal standards as the district court." *Adams v. All Coast, L.L.C.*, 15 F.4th 365, 368 (5th Cir. 2021) (quotation marks and citation omitted). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "In a dispute about an FLSA exemption, the employer has the burden of establishing that the exemption applies by a preponderance of the evidence." *Adams*, 15 F.4th at 368. "When summary judgment is sought on an affirmative defense . . . the

movant must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) (emphasis in original) (quotation marks and citation omitted). "Because of the Act's remedial nature, we narrowly construe its exemptions in favor of the employee." *Id.*

Under the FLSA, an employee who works more than 40 hours in one workweek must be paid overtime compensation. *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016); 29 U.S.C. § 207. This requirement does not apply to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The administrative exemption applies to an employee: (1) who is "[c]ompensated on a salary or fee basis at a rate of not less than [$455] per week;" (2) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;" and (3) "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200 (through December 31, 2019).[1]

The two plaintiffs were paid a weekly salary above the minimum of $455 per week, but they argue LineQuest engaged in impermissible "deductions" that rendered their pay structure ineligible to satisfy the "salary basis" test of the administrative exemption. *See* 29 C.F.R. § 541.200; § 541.602(a). The argument is based on LineQuest's policy of not paying employees for sick days if they used up their vacation days or Paid Time Off ("PTO"). Such a pay structure is permissible under the exemption if "made in accordance with a bona fide plan, policy or practice of providing

---

[1] As of January 1, 2020, the salary basis test was revised to require that an employee earn a minimum of $684 per week to qualify for the administrative exemption.

compensation for loss of salary occasioned by such sickness or disability." 29 C.F.R. § 541.602(b)(2). Under LineQuest's policy, employees could use PTO for sick days or sick leave. If PTO was exhausted, employees were not paid during sick leave. We agree with the district court that the plaintiffs' arguments here fail, and this first requirement of the administrative exemption was satisfied.[2]

The administrative exemption also requires that the employee's primary duty be (2) "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers" and (3) "includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). To analyze those requirements, we obviously need to determine the employee's primary duty. "The term 'primary duty' means the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). "Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." *Id.*[3]

As to primary duty, we first examine plaintiff Nichols's duties. He was a Line Locator. The district court held that Nichols's primary duty was

---

[2] The plaintiffs also argue that LineQuest improperly docked their salaries if they could not work outside their normal schedule on Saturdays, which precludes their salaries from satisfying the salary basis test. *See* 29 C.F.R. § 541.602. This argument was not presented to the district court and is therefore forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

[3] Among the factors to consider in defining the primary duty of an employee are (1) "the relative importance of the exempt duties as compared with other types of duties"; (2) "the amount of time spent performing exempt work"; "(3) the employee's relative freedom from direct supervision"; and (4) "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." 29 C.F.R. § 541.700(a).

"non-manual and directly related to the management or general business operations of LineQuest's customer, EnLink." Nichols contends the record demonstrates a fact dispute about his primary duty, which, according to him, was manually locating lines. Nichols highlights that, under LineQuest policy, Line Locators in a municipal market do not qualify for the administrative exemption, whereas Line Locators for construction and backfilling operations *do* qualify. In making the "primary duty" determination, we are to consider "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id*. According to Nichols, as a construction and backfilling Line Locator, he is "earning less than [the] non-exempt" municipal Line Locators "for the same kind of work."

The district court acknowledged that Line Locators in the municipal market are non-exempt. As a result, it concluded that "the question presented is whether Nichols, as a Line Locator for construction and backfilling operations in the oil and gas industry, performs his job duties in a distinctly different manner with a unique primary duty than that of a municipal Line Locator." In other words, the court needed to determine "whether Nichols's primary duty was something other than the general line location and flagging services provided by municipal Line Locators." The court found that Nichols's "primary duty" was *not* in physically locating lines; rather, he was a "site representative for surveillance," which is "non-manual and directly related to the management or general business operations of LineQuest's customer." In sum, the district court determined Nichols's role fell within the administrative exemption.

We agree with Nichols that there is sufficiently conflicting evidence in the record that a reasonable jury could consider the Section 541.700(a) factors and find that Nichols's primary duty was physically locating lines. Under Section 541.700(b), the "amount of time spent performing exempt

work can be a useful guide," yet the record is unclear as to the amount of time Nichols spent line locating versus "surveilling"; Nichols's testimony that he spent "80 percent" of his time inside his truck driving to job sites is not dispositive either way. We also agree with Nichols that the "relative importance" of his various duties is not clear from the record. *See* 29 C.F.R. § 541.700(a). Although the LineQuest Chief Executive Officer stated Nichols's assignments were "site surveillance," Nichols's declaration described his primary duty as "locat[ing] and mark[ing] buried utilities," while his deposition discussed both line locating and site surveillance duties.[4] For Nichols, then, there is a dispute of material fact regarding his primary duty that precludes summary judgment.

We now review the evidence of Mondeck's primary duty. His job title was "Right of Way Technician." Both parties highlight that Mondeck stated his responsibilities were to "observe the finalization of the construction of covering a pipeline" or to "observe the completion phase of Medallion pipeline construction projects (backfilling)." Mondeck states he was responsible for ensuring Medallion's "rules and specifications" were followed, although, like Nichols, he did not himself have the authority to actually enforce the standards. At the end of each day, Mondeck filled out a

---

[4] The district court also cited contracts, supposedly between EnLink and LineQuest, that defined "Site Surveillance" as "watch[ing] over and protect[ing] Company's Facilities during unusual or extensive excavation projects (*i.e.*, road widening projects, sewer projects, etc.) and providing such continuous on-site Locate Services." We agree with Nichols that this does not necessarily demonstrate that the primary purpose of the contract was "to provide site supervision services," nor does it necessarily show that Nichols's "primary duty was observing contractors for compliance with regulations." The contract also defines "Locate Service" as "the process of determining the presence or absence of Company's Facilities, their conflict with proposed excavations, and the Marking of the places and routes," which Nichols contends was his primary duty. It is not clear from the contract how common these "unusual or extensive excavations projects" were that required "Site Surveillance."

report for Medallion regarding the backfilling work he observed that day. Though LineQuest characterizes Mondeck's duty as to "oversee and supervise"— while the plaintiffs argue it was merely to "observe" — the rough contours of his duties are more or less clear, *i.e.*, some combination of supervision and observation.[5]

The third administrative exemption factor requires that an employee's primary duty "include the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3). This "discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources." § 541.202(e). Relevant non-exclusive factors include whether the employee has authority to "formulate, affect, interpret, or implement management policies or operating practices," "waive or deviate from established policies and procedures without prior approval," and "negotiate and bind the company on significant matters." 29 C.F.R. § 541.202(b). The degree of an employee's discretion is considered "in the light of all the facts involved in the particular employment situation in which the question arises." *Id.*

The district court found that both plaintiffs exercised discretion and independent judgment, then granted summary judgment for the defendant. The district court noted in particular that both Nichols and Mondeck (1) had "Stop Work Authority," and (2) were each the only representative of LineQuest's customer on the job site, where they performed duties without

---

[5] The parties do dispute, however, that Mondeck's primary duty was "directly related" to "management or general business operations," *i.e.*, element (2) of the administrative exemption. *See* 29 C.F.R. § 541.200(a)(2). Because we disagree with the district court's holding that the plaintiffs' primary duties satisfy the third element, we do not analyze whether Mondeck's primary duty satisfied the second element.

immediate direction from a supervisor.  The plaintiffs contend that the district court mischaracterized the level of discretion that accompanies "Stop Work Authority."  The plaintiffs also argue that under the relevant Section 541.202(b) factors it is not dispositive that they were often the only LineQuest representative on the job site.  This is because, according to the plaintiffs, they did not have any actual authority to implement policies or conduct operations of the business, nor did they possess any of the other responsibilities contemplated in Section 541.202(b).

We agree with the plaintiffs that, on this summary judgment record, a reasonable jury could determine that they did not exercise discretion and independent judgment on matters of significance.  *See* 29 C.F.R. § 541.202(a).  The record indicates that LineQuest not only grants Stop Work Authority to every employee, but also that all employees have the "Authority and *Responsibility* to stop work for safety violations that could be a potential hazard" (emphasis added).  "Section 541.202 clarifies that an employee does not exercise discretion or judgment in the relevant sense if his decisions are essentially 'the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources.'" *Hobbs v. EVO Inc.*, 7 F.4th 241, 250 (5th Cir. 2021) (quoting 29 C.F.R. § 541.202(e)).  The fact that all employees had the responsibility to stop unsafe work — which the plaintiffs each exercised only once or twice during their monthslong tenure at LineQuest — is not sufficiently dispositive to grant summary judgment.

Moreover, we agree with the plaintiffs that there is insufficient evidence in the record that they possessed or exercised authority over matters of significance, regardless of whether they were the only LineQuest representative on the jobsite.  The plaintiffs rely on the fact that neither had the "authority to require anyone [on the job site] to do anything," that Mondeck underwent only "three days of field training" to become a Right of

No. 22-50185

Way Technician, and that neither had the authority to negotiate contracts or create or develop standards regarding the backfilling operations. *See* § 29 C.F.R. 541.202(b). There is not enough in the record to conclude that Mondeck and Nichols possessed the level of authority necessary for a grant of summary judgment to LineQuest.

There are questions of material fact regarding Nichols's primary duty and whether Mondeck's and Nichols's primary duties satisfy element (3) of the administrative exemption. We REVERSE and REMAND for proceedings consistent with this opinion.