# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2023

Lyle W. Cayce
Clerk

———————

No. 22-30663

———————

Bobbys Country Cookin, L.L.C., *individually and on behalf of all persons or entities nationwide who are similarly situated*; Casa Manana, Incorporated; Que Pasa Taqueria, L.L.C.; Casa Tu Sulphur, L.L.C.,

*Plaintiffs—Appellees*,

*versus*

Waitr Holdings, Incorporated,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CV-552

———————————————————

Before Jones, Clement, and Haynes, *Circuit Judges*.

Per Curiam:[*]

This is a contract modification case. Bobby's Country Cookin', L.L.C., represents a class of restaurants that claim Waitr Holdings, Inc., a food delivery service, should be held liable for damages stemming from a breach of contract. Their dispute revolves around the service fees Waitr

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30663

charged the restaurants, specifically, its decision to increase those fees several times unilaterally. The district court denied Waitr's motion for partial summary judgment, finding that Louisiana contract law prohibits parol evidence of contract modification when the contract in question is integrated and requires any modifications to be in a signed writing. In the alternative, the district court determined there was a factual dispute barring partial summary judgment. We AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.

I

Waitr operates an online food delivery service that contracts with restaurants to deliver meals. Customers select from Waitr's network of partner restaurants and order through its platform. Waitr receives and transmits the orders to its partner restaurants, processes the payments, picks up the food, and delivers the order to the customer. In exchange, the restaurants and Waitr split the proceeds, with Waitr automatically deducting its service fee from the customer's payment.

Bobby's Country Cookin' contracted with Waitr on July 27, 2017, to join Waitr's network. Bobby's agreed to a ten percent service fee on every order as part of their agreement. The contract included an "Entire Agreement & Changes" provision which states:

> This Agreement and the Order or exhibits hereto constitute the entire Agreement between the parties, and supersedes any prior or contemporaneous negotiations or agreements, whether oral or written, related to this subject matter. Customer is not relying on any representation concerning this subject matter, oral or written, not included in this Agreement. No representation, promise or inducement not included in this Agreement is binding. No modification of this Agreement is effective unless in writing and signed by an authorized representative of each party, and no waiver is effective unless

No. 22-30663

> the party waiving the right signs a waiver in writing. Nothing in this Agreement, express or implied, is intended to confer or shall be deemed to confer upon any persons or entities not parties to this Agreement, any rights or remedies under or by reason of this Agreement.

Approximately a year later, Waitr unilaterally increased its fee to fifteen percent without obtaining both parties' written signatures.

On April 30, 2019, Bobby's filed a class action complaint in federal court alleging Waitr breached its contracts with its network restaurants by unilaterally increasing its service fees, did so in bad faith, and was unjustly enriched. Bobby's later amended its complaint, adding several named restaurant plaintiffs and proposing a second class irrelevant to the appeal before us.

Waitr moved for partial summary judgment, arguing the restaurants' breach of contract claim failed as a matter of law because they acquiesced to the fee increases or, in the alternative, were subject to estoppel. Without an underlying breach of contract, Waitr also contended that the restaurants' bad faith breach of contract cause of action necessarily failed. Finally, Waitr argued that because the restaurants had remedies available at law, they could not sustain their unjust enrichment claim.

The district court granted in part and denied in part the motion for partial summary judgment. First, it found that the restaurants' contracts were fully integrated and that Waitr had not modified its agreements in writings signed by both parties. It then held that Louisiana law bars parol evidence from being used to prove the existence of a contractual modification by acquiescence when the contract in dispute is fully integrated and requires modification to be in a signed writing. In the alternative, the district court held that the parties had a genuine dispute of material fact regarding whether they agreed to modify their contracts. Second, the district court sided with

No. 22-30663

Waitr that the restaurants had remedies available at law and could not sustain an unjust enrichment cause of action.

Waitr filed a motion to alter or amend the judgment or, alternatively, to certify an interlocutory appeal. The district court granted the alternative motion. Waitr timely applied to this court, and a motion panel granted its application, providing us with jurisdiction under 28 U.S.C. § 1292(b).

## II

We review a grant (or denial) of summary judgment de novo. *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018). A "court should grant summary judgment when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). The parties agree that Louisiana contract law controls the merits of this appeal. "In Louisiana, the interpretation of an unambiguous contract is an issue of law for the court." *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 386 (5th Cir. 2001).

## III

Waitr challenges the district court's holding that Louisiana law bars parol evidence when a contract requires modifications in writing and is a fully integrated document. It also argues that the district court erred in its alternative finding that there is a dispute of material fact regarding whether the restaurants intended to modify their contracts "by silence, inaction, or implication."

In its order, the district court correctly found that the restaurants' contracts were fully integrated, and Waitr does not dispute this conclusion on appeal. Nor could it, the "Entire Agreement & Changes" provision clearly states, "[t]his Agreement and the Order or exhibits hereto constitute the entire Agreement between the parties, and supersedes any prior or

contemporaneous negotiations or agreements, whether oral or written, related to this subject matter." What Waitr does challenge are the effects of such a clause on parol evidence submitted to the court to prove a *subsequent* modification.

"The general rule in Louisiana is that a court may not consider parol evidence to alter the terms of a written agreement when that agreement is a complete and accurate statement of all the terms agreed upon by the parties." *King v. Univ. Healthcare Sys. LC*, 645 F.3d 713, 719 (5th Cir. 2011) (quotation marks and citation omitted). However, the Louisiana Supreme Court has long held that "the Civil Code does not forbid the proving by parol evidence of a subsequent agreement to modify or to revoke a written agreement." *Salley v. Louviere*, 162 So. 811, 813 (La. 1935). In Louisiana, any "contract that is not required by law to be in writing may be modified" by a subsequent unwritten agreement. *Schindler Elevator Corp. v. Long Prop. Holdings, L.L.C.*, 182 So. 3d 233, 241 (La. Ct. App. 2015) (applying this rule to an alleged oral agreement to modify a written contract). Service agreements in Louisiana, such as the contracts between Waitr and the restaurants, do not need to be in writing to be legally enforceable. *Id.*

We have further held that under Louisiana law, even integrated, written contracts requiring all modifications to be in writing can be modified by oral agreement or conduct. *See Taita*, 246 F.3d at 387 ("[I]t is well established [in Louisiana law] that even if the written contract contains a provision requiring that all modifications be in writing . . . either oral agreement or conduct can nonetheless prove modification."); *see also King*, 645 F.3d at 719 ("Even a written merger or integration clause is not a per se bar on consideration of parol evidence" of a contract modification under

No. 22-30663

Louisiana law.).[1]  But, depending on the facts of a case, just because an integration clause does not *always* bar parol evidence in favor of modification does not mean that it can *never* bar such evidence. *See Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1328 (5th Cir. 1994).  Indeed, the district court should enforce a merger clause if it correctly reflects the parties' intentions. *King*, 645 F.3d at 719.

So, the district court erred when it found that it *must* bar the introduction of parol evidence here because "[b]y its very definition an integration or merger clause negates the legal introduction of [such] evidence." Instead, the correct summary of Louisiana law would be that a court *may* bar parol evidence of modification when "the facts of the instant case compel a conclusion that the merger clause correctly reflected the parties' intentions and should thus be enforced as written." *Omnitech*, 11 F.3d at 1328. We, therefore, REVERSE the district court's order to the extent that it relied on an incorrect understanding of Louisiana law. [2]

Moving on to investigate the facts before us on appeal, we find the district court correctly denied partial summary judgment because there is a dispute of material fact regarding whether the parties modified their contract.

_____

[1] The restaurants, for their part, argue that our conclusions in *Taita* were federal misinterpretations of Louisiana law that erroneously expanded a "Louisiana Construction Contract Exception." In Bobby's' and its co-plaintiffs telling, Louisiana law only allows parol evidence when a party seeks to show an integrated construction contract was later modified. However, this argument lacks merit and is borderline frivolous. *See, e.g.*, *Salley*, 162 So. 811 (non-construction lease dispute); *Ill. Cent. Gulf R.R. Co. v. Int'l Harvester Co.*, 368 So. 2d 1009 (La. 1979) (same); *Schindler*, 182 So. 3d 233 (non-construction elevator service case), *Monroe v. Physicians Behavioral Hosp., LLC*, 147 So. 3d 787 (La. Ct. App. 2014) (non-construction unpaid wages claim).

[2] We also disagree with the district court's conclusion that our holding—by allowing the parties to argue whether they modified their integrated contracts "by silence or acquiescence"—renders "[p]laintiffs' claims . . . moot[.]" Instead, it simply means that the parol evidence issue may proceed, not that it is dispositive in this case.

No. 22-30663

In contract modification cases, "the party urging modification," here Waitr, "must establish" that the parties agreed to modify their written agreement. *Taita*, 246 F.3d at 387. In doing so, Waitr may use "silence" in "special circumstances" to demonstrate "it reasonably believed" the restaurants accepted its modification. *Id.* at 386; LA. CIV. CODE art. 1942. In short, Waitr must show that there was a meeting of the minds consenting to a contract modification between the restaurants and itself. *Taita*, 246 F.3d at 387.

In its order, the district court noted that the restaurants denied agreeing to modify their contracts with Waitr when they continued using its service despite the higher fees. The court determined that this evidence created a genuine dispute of material fact as to whether the parties reached a meeting of the minds regarding a contract modification. The district court then implicitly denied partial summary judgment on this alternative ground.

On appeal, Waitr reiterates its argument in support of its motion for partial summary judgment. Before the district court, Waitr said that the restaurants' tacitly agreed to a contract modification. It pointed to evidence that Bobby's and its co-plaintiffs failed to protest higher service fees and continued to use Waitr's application for months after the fee increase. The restaurants countered in the proceedings below that they reasonably delayed their response by the terms of their contracts. And before us and the district court, Bobby's and its co-plaintiffs point to evidence in the form of affidavits that they never agreed to an increase nor intended to agree to such an increase by continuing to use Waitr's service.[3] Based on this evidence, a reasonable

---

[3] The restaurants, for the first time on appeal, argue that additional facts, specifically that Waitr required them to make costly investments and that they protested the fee increases, create a genuine dispute of material fact on whether the parties agreed to a contract modification. Because these arguments were not made below, they are forfeited on appeal. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party

factfinder could side with either party, and the district was right to conclude that whether Waitr and the restaurants agreed to a contract modification is a genuine dispute of fact that is best left to a jury. Thus, we AFFIRM the district court's order to the extent that it denied the motion for partial summary judgment due to a genuine factual dispute.

IV

We AFFIRM the order denying the motion for partial summary judgment in part insofar as it relied on a genuine dispute of material fact. We REVERSE the order to the extent that it depends on an erroneous understanding of Louisiana contract law. We further REMAND to the district court for additional proceedings consistent with this opinion.

_____

forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal . . . .") (quotation marks and citation omitted).