# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-50948
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2023

Lyle W. Cayce
Clerk

Fabrizio Bisetti,

*Plaintiff—Appellee*,

*versus*

Officer Brendan McMorrow, *Austin Police Department*,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-616

———————————————————————

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Brendan McMorrow, an officer with the Austin Police Department, appeals his denial of qualified immunity. Because we lack jurisdiction to hear this matter, the appeal is DISMISSED.

\* \* \*

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50948

Fabrizio Bisetti alleges that—following a domestic disturbance investigation—officer Brendan McMorrow violated his Fourth Amendment rights. Specifically, he contends that McMorrow arrested him despite "kn[owing] that he lacked probable cause to make an arrest" as evidenced by sworn statements McMorrow later made in Bisetti's divorce proceedings. In response, McMorrow filed a motion for summary judgement insisting that he had probable cause to arrest Bisetti. But, the district court denied that motion, finding there's a "fact issue" as to whether McMorrow violated clearly established law, namely whether McMorrow truthfully attested to the facts behind Bisetti's arrest in a probable cause affidavit, and the impact of those statements on a hypothetical probable cause determination.[1]

For an "appeal of denial of summary judgment on the basis of qualified immunity, our jurisdiction is limited to examining the materiality of factual disputes that the district court determined were genuine." *Cole v. Carson*, 935 F.3d 444, 452 (5th Cir. 2019) (en banc). Importantly, we can't "consider a different set of facts" from those identified by the district court, and we don't "challenge the district court's assessments [on] the sufficiency of the evidence." *Id* at 452–53 (citations omitted). Because McMorrow's appeal only challenges the genuineness of the factual disputes recognized by the district court, whether by advancing more favorable (but unrecognized)

---

[1] Notably, McMorrow points this court to a video of the incident. But, the district court relied on "McMorrow's testimony" in Bisetti's divorce proceeding "[as] evidence that he did indeed harbor serious doubts about the probable cause to arrest Bisetti." Due to the nature of the evidence (*i.e.*, McMorrow's subjective belief via statements made long after the arrest), video evidence would not resolve, or speak to, that factual dispute.

No. 22-50948

allegations or attacking the "sufficiency" of the evidence, he fails to present any issue that we can rule upon at this time.[2] *See id.* at 453 ("We lack jurisdiction to reconsider the district court's factual determinations on an appeal from denial of summary judgment on qualified immunity."). Consequently, the appeal is DISMISSED for lack of jurisdiction.

_____

[2] Viewing the disputed material facts in Bisetti's favor, including whether McMorrow believed his statements in the probable cause affidavit, we can't say that the district court erred in its qualified immunity determination. After all, the right to be "free from police arrest without a good faith showing of probable cause" is clearly established. *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018); *Franks v. Delaware*, 438 U.S. 154 (1978). Notably, McMorrow raises two alternative arguments. But, those fail, too. First, he argues that "[t]he law was not clearly established [at the time of the arrest] that an affidavit articulating probable cause for an uncharged offense would not validate legal process secured on insufficient probable cause for a charged offense identified in the affidavit." But, McMorrow didn't make that argument below. So, it's waived. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal . . . ."). Next, he argues that his statements in the probable cause affidavit would support another crime in Texas, assault under Texas Penal Code § 22.01(a)(3). However, taking the facts in a light most favorable to Bisetti, the affidavit doesn't support such a charge at this stage.