# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2023

Lyle W. Cayce
Clerk

_____

No. 22-40235

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN RODRIGUEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-656-1

_____

Before DENNIS, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Jonathan Rodriguez appeals his conviction for (1) conspiring to possess with intent to distribute cocaine base, *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); (2) possessing with intent to distribute cocaine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B); and (3) possessing a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(2). The district court departed downward and sentenced Rodriguez to a below-Guidelines

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-40235

sentence of 300 months of imprisonment and five years of supervised release. ROA.793–94, 2284, 2869–70.

Rodriguez raises nineteen issues on appeal.[1] Four of the issues are directly foreclosed by binding precedent. *See United States v. Romans*, 823 F.3d 299, 316 (5th Cir. 2016) (foreclosing the challenge to the application of the preponderance standard to his Guidelines range calculation); *United States v. Bolton*, 908 F.3d 75, 95 (5th Cir. 2018) (foreclosing the challenge to the district court's consideration of acquitted conduct for sentencing

---

[1] Rodriguez lists the following errors in his brief:

(1) the district court erred by admitting illegally obtained evidence, (2) holding a pretrial hearing to admit evidence prejudiced the defense, (3) the court erred in admitting a drug buy video because it was unreliable and missing audio, (4) the evidence is insufficient to support a conviction for conspiracy to possess crack cocaine, possession with intent to distribute powder cocaine and possessing a firearm in furtherance of a drug trafficking crime, (5) the court excluded critical exculpatory evidence which deprived Rodriguez of his 14th Amendment right to due process and his 6th Amendment right to confrontation, (6) the offense of possessing a firearm in furtherance of a drug trafficking crime is unconstitutional, (7) Rodriguez has been denied a complete record of the proceedings for his appeal, (8) a jury instruction [that] extraneous offenses must be proven beyond a reasonable doubt was not given, (9) the court erred by admitting, over objection, unverifiable and misleading testimony regarding drug distribution methods and theories, (10) the PSR's factual narrative relied upon improper and unreliable facts, (11) preponderance of the evidence standard [is] unconstitutional for sentencing, (12) acquitted conduct should not be considered at sentencing, (13) violation of [the] Confrontation Clause during sentencing, (14) drug quantities were improperly calculated at sentencing, (15) premises enhancement was improper, (16) leadership enhancement was improper, (17) the mandatory minimum sentence and suggested guidelines for crack cocaine offenses violate equal protection clause, (18) a 300 month sentence was unreasonable, (19) Rodriguez's return of property request should be granted and his objection to seizure should be sustained.

*See* Blue Br. 11–13.

purposes); *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006) (foreclosing the attempt to apply the Confrontation Clause to sentencing hearings); *United States v. Galloway*, 951 F.2d 64, 66 (5th Cir. 1992) (foreclosing the challenge to the sentencing disparity between powder and crack cocaine).

The remaining fifteen issues fall into six different groups.

First, Rodriguez challenges the district court's denial of his suppression motion. We affirm the denial for substantially the reasons set out by the district court in its well-reasoned suppression order. ROA.3147–66.

Second, Rodriguez raises three unpreserved challenges, which we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 131 (2009). We conclude that the district court did not commit plain error when it (1) entered judgment against Rodriguez for possessing a firearm in furtherance of a drug trafficking crime, (2) instructed the jury that the burden of proof for extraneous offenses is beyond a reasonable doubt, and (3) allowed testimony from a lay witness, based on his extensive knowledge and experience, about trap houses and drug ledgers.

Third, Rodriguez argues the district court abused its discretion in choosing to admit and exclude certain pieces of evidence. We see no abuse of discretion as to any of the district court's evidentiary decisions Rodriguez highlights.

Fourth, Rodriguez argues the evidence is insufficient to support his three counts of conviction. Rodriguez preserved his sufficiency challenges, so we review them *de novo*. *United States v. Moparty*, 11 F.4th 280, 296 (5th Cir. 2021). This review is "highly deferential" to the jury's verdict, and we will affirm if a rational jury could find that all elements of the crime were proved beyond a reasonable doubt. *Id.* (citation omitted). After reviewing the record, we find there is ample evidence to support that Rodriguez conspired

to possess with intent to distribute more than 280 grams of crack cocaine, possessed with intent to distribute the cocaine seized from the storage unit, and possessed a firearm in furtherance of a drug trafficking crime.

Fifth, Rodriguez argues the district court committed multiple sentencing errors. After careful review, we reject Rodriguez's arguments and conclude the district court committed no reversible sentencing errors.

Sixth, Rodriguez argues he is entitled to the return of his forfeited property. We find this argument inadequately briefed on appeal and therefore forfeited. *See, e.g.*, *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

Accordingly, we AFFIRM the judgment of the district court. IT IS FURTHER ORDERED that Rodriguez's opposed motion to supplement the record on appeal is DENIED.