# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2024

Lyle W. Cayce
Clerk

———————

No. 23-30449
Summary Calendar

———————

Alexander Ackel,

*Plaintiff—Appellant*,

*versus*

Kayla Lawrence Martynenko,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-542

———————————————————

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Alexander Ackel appeals the district court's ruling denying his motion for attorneys' fees under Fed. R. Civ. P. 54(d)(2). We AFFIRM the district court's judgment for the reasons it assigned.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30449

## Facts and Procedural Background

This case emerges out of the contentious divorce between the Plaintiff-Appellant, Alexander Ackel, and the Defendant-Appellee, Kayla Martynenko. Following their divorce, Ackel filed this suit alleging that Martynenko had accessed several of his electronic accounts without authorization, violating (1) the Stored Communications Act, 18 U.S.C. §§ 2701-2712 (the "SCA"); (2) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and (3) Plaintiff's right to privacy through unreasonable intrusion upon his seclusion under Louisiana Law. After trial, a jury found Martynenko liable under the SCA and Louisiana law, and awarded Ackel $7,500 for economic loss, $1,500 for mental anguish, and $10,000 in punitive damages.

After the verdict, Ackel moved the district court for $42,113 in attorneys' fees under the SCA, arguing that he was entitled to them as the successful party in this action. The district court denied his motion, finding that an award of attorneys' fees was discretionary under the SCA, and that Ackel was not entitled to them. The district court cited precedent from both in and out of circuit supporting the denial of the fees because Ackel had "unclean hands." Specifically, it found that:

> Ackel litigated in an unbecoming manner, essentially commandeering this Court to inappropriately relitigate his domestic and custody disputes with his ex-wife. Additionally, during the jury trial Ackel repeatedly perjured himself by denying all abuse of Martynenko in the face of overwhelming evidence. Moreover, nearly every question asked of Ackel spawned a recitation of his marital grievances, which revealed the true purpose of his lawsuit.

Ackel then appealed, claiming the district court (1) abused its discretion when it failed to award him attorneys' fees, and (2)

2

No. 23-30449

deprived him of fundamental due process rights when it concluded that Ackel committed perjury.

## Standard of Review

The award of attorneys' fees for violations of the SCA is left to the district court's discretion, and we review that decision for an abuse of discretion. *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 538 (5th Cir. 2022) ("Attorney's fees are . . . discretionary when a plaintiff proves a violation of the Stored Communications Act."); *see also Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 977 (11th Cir. 2016) (holding that under the SCA, "[w]e may reverse a district court's decision to deny attorney's fees only if we find that the district court abused its discretion").

## Discussion

### A. Attorneys' Fees

The district court did not abuse its discretion when it denied Ackel's motion for attorneys' fees. "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *CenterPoint Energy Houston Elec. L.L.C. v. Harris Cnty. Toll Rd. Auth.*, 436 F.3d 541, 550 (5th Cir. 2006) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). Ackel argues that the district court's decision to deny his motion "was not an application of the proper legal standards" because "the lower court should never have considered the 'significance' of the harm to Mr. Ackel" and because its reasoning "contradicts the findings of the jury awarding actual and punitive damages."

His argument fails for two reasons. First, Ackel did not cite a single case supporting his assertions that the district court's

3

consideration of the significance of the harm to Ackel was improper, or that its reasoning contradicted the jury's damage awards. Even if he did manage to preserve the issue for appeal, we find his briefing unconvincing. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal.").

Second, despite Ackel's claims to the contrary, the district court followed our precedent in *Domain Protection*, when it denied his motion. *See* 23 F.4th at 538. There, we found that when denying a motion for attorneys' fees under the SCA, "[t]he district court reasonably exercised [its] discretion in denying fees based on its finding that 'Domain Protection has time and again litigated in an unbecoming manner, distorted the record, and misstated the law.'" *Id.* Similarly, here, the district denied Ackel's request for attorneys' fees because "he litigated in an unbecoming manner" and "repeatedly perjured himself by denying all abuse of Martynenko in the face of overwhelming evidence." This was well within the bounds of its discretion outlined by *Domain Protection*.

Further, we find Ackel's attempts to distinguish *Domain Protection* unavailing. He argues that that this case is distinct because in *Domain Protection*, the plaintiff merely won on liability, whereas the jury here awarded him actual and punitive damages. But that is a distinction without a difference. In *Domain Protection*, we upheld the district court's denial of a motion for attorneys' fees because it based that decision on findings about the *manner* in which the plaintiff litigated, not the damages award. *See Domain Prot.*, 23 F.4th at 538. So too did the district court here when it found that he "litigated in an unbecoming manner." Thus, we find the district court did not abuse its discretion when it denied Ackel's motion for attorneys' fees.

No. 23-30449

## B. Due Process

Ackel also argues that the district court's conclusion that he committed perjury "violated Mr. Ackel's fundamental due process rights that require 'notice' and 'the opportunity to be heard.'" But Ackel fails to provide any support to this base assertion. Because he failed to adequately brief this argument, he forfeits it on appeal. *See Rollins*, 8 F.4th at 397.

## CONCLUSION

For these reasons, the district court's judgment is AFFIRMED.