# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2025

Lyle W. Cayce
Clerk

————————

No. 24-20490

————————

Courtney Lane,

*Plaintiff—Appellant*,

*versus*

City of Houston,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2302

———————————————————————

Before King, Smith, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Innocent bystander Courtney Lane was struck and injured by a driver who was fleeing police in a high-speed chase in a predominantly Black neighborhood. Lane sued the City of Houston under 42 U.S.C. § 1983 and Title VI of the Civil Rights Acts of 1964, alleging his injuries were caused by a racially discriminatory policy surrounding high-speed chases. The district court dismissed Lane's claims for lack of standing. We AFFIRM.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20490

## I.

On February 21, 2023, in the historically Black neighborhood of Inwood, Houston Police Department (HPD) officers attempted a traffic stop of Terry Rogers, a twenty-six-year-old Black man. Rogers fled, and HPD initiated a high-speed chase. During the chase, Rogers ran a red light and struck Plaintiff-Appellant Courtney Lane, who was stopped at the light on a motorcycle. Lane suffered severe injuries, including ten broken ribs, third-degree burns, a fractured pelvis, and a punctured lung.

Lane, a Black man, alleges that the officers knew Rogers was Black before they stopped him, and that HPD decided to engage in a high-speed chase because of Rogers's race and the racial demographics of the neighborhood. He further alleges that HPD disproportionally engages in high-speed pursuits in predominantly Black neighborhoods, despite knowing that harm to third parties is a predictable and common outcome. Lane alleges this is because Defendant-Appellee City of Houston (the City) has "adopted a custom, practice, pattern, and usage of authorizing police officers to profile Black drivers and racially target predominantly Black neighborhoods when engaging in high-speed pursuits."

Lane brought claims against the City under 42 U.S.C. § 1983 and Title VI of the Civil Rights Acts of 1964, asserting its racially discriminatory policy surrounding high-speed chases violated Title VI and the Fourteenth Amendment's Equal Protection Clause.[1] The City moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim under Rule 12(b)(6). The district court granted

---

[1] Lane made additional claims under 42 U.S.C. §§ 1982 and 1983. He has not raised, and thus forfeited, those claims on appeal. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

the City's motion to dismiss for lack of subject matter jurisdiction, reasoning that Lane lacked Article III standing. *Lane v. City of Houston*, No. 4:23-CV-02302, 2024 WL 4354116, at *2–3 (S.D. Tex. Sept. 30, 2024). Lane timely appealed.

## II.

We review a district court's decision to dismiss for lack of Article III standing de novo. *Abraugh v. Altimus*, 26 F.4th 298, 302 (5th Cir. 2022). To establish Article III standing, Lane must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Lane's argument that the district court erred in dismissing his equal protection claim for lack of standing is foreclosed by our recent decision in *Jackson v. City of Houston*, --- F.4th ----, No. 23-20574, 2025 WL 1936695 (5th Cir. July 15, 2025). There, we held that innocent bystanders injured by fleeing suspects in predominantly Black neighborhoods lacked standing to bring an equal protection claim against the City based on the same theory. *Id.* at *1, 3. We reasoned that "to have standing to bring an equal protection claim, a plaintiff must have suffered an injury that stemmed from unequal treatment." *Id.* at *3. Because the bystanders' "injuries were not the result of being personally denied equal treatment, they d[id] not satisfy the injury-in-fact requirement." *Id.* The plaintiffs also failed to satisfy the traceability requirement, because the injuries were caused by "the independent actions of the fleeing suspects" and the theory of causation lacked the "coercion or determination required to trace a third party's conduct to a defendant." *Id.* at *2 n.4. That logic applies with equal force to Lane's racial discrimination claim under Title VI. *See Rollerson v. Brazos River Harbor Navigation Dist. of Brazoria Cnty. Tex.*, 6 F.4th 633, 639 (5th Cir. 2021) (explaining Title VI

No. 24-20490

prohibits "racial discrimination of the same character as that forbidden by the Equal Protection Clause").

The judgment of the district court is AFFIRMED.