# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2025

Lyle W. Cayce
Clerk

———————

No. 25-50206

———————

In the Matter of Jet Oilfield Services,

*Debtor*,

Spin Capital, L.L.C.,

*Appellant*,

*versus*

Jet Oilfield Services,

*Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CV-39

———————————————————

Before Smith, Stewart, and Haynes, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

After Jet Oilfield Services ("Jet") filed for bankruptcy, Spin Capital, L.L.C. ("Spin"), sought contribution based on an agreement with Brian Owen, who claimed to have authority to contract on behalf of Jet. The bankruptcy court dismissed Spin's claim, holding that Owen did not have authority and that the contract was not supported by consideration. The district court affirmed that judgment. Spin appeals. We affirm.

No. 25-50206

## I.

In 2018, Brandon Smith, Lorne Mosely, and Brandon Wilkins formed Jet. Shortly thereafter, Brian Owen acquired 43% of Jet's membership interests. Under Jet's Amended and Restated Company Agreement, Owen could not enter Jet into transactions without the consent of at least one of Jet's other members.

In 2022, Owen signed an agreement ("Spin Agreement") with Spin, providing for Jet to sell $4,500,000 of its future receivables for $3,000,000. As part of its due diligence and to verify that Owen had authority to enter Jet into the Spin Agreement, Spin obtained a copy of Jet's bank statements and tax returns. Spin reviewed Jet's bank statements, noting that Owen had personal, electronic access to Jet's deposit account. Spin also reviewed Jet's tax return, noting that it listed Owen as Jet's "Partnership Representative" and indicated that Owen was a "General Partner or LLC member-manager," though the return was not signed by a member-manager of Jet.

In October 2022, Jet filed for bankruptcy. Spin timely filed a proof of claim based on the Spin Agreement and filed an adversary proceeding with two similarly situated creditors. Jet answered the complaint and made specific counterclaims against Spin seeking: (1) disallowance of the claim and (2) avoidance of any transfers to Spin. The parties resolved the creditors' affirmative claims by agreement, and the bankruptcy court held a trial on Jet's counterclaims against Spin.

In January 2024, the bankruptcy court entered judgment, holding that Spin's claim was unenforceable against Jet because "[Owen] did not have actual or apparent authority to execute the Spin Agreement on behalf of Jet and bind Jet under the Spin Agreement" and "Jet did not receive any consideration for the Spin Agreement." Spin appealed.

On January 2, 2025, the district court dismissed the appeal of the judg-

ment of the bankruptcy court due to an insufficient record.[1]  The district court granted Spin's Motion to Reinstate Appeal and ordered "supplemental briefing, if any, due within 21 days of this order and limited to seven pages." Spin elected not to file any supplemental briefing.  On February 14, 2025, the district court dismissed the appeal with prejudice, stating that Spin had elected to abandon its appeal by not filing a supplemental brief.[2]

## II.

"We review the decision of the district court by applying the same standard to the bankruptcy court's findings of fact and conclusions of law that the district court applied.  A bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed de novo." *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009).

## III.

To succeed on the issue of whether Spin's claim is enforceable against Jet, Spin must prove that both (1) Owen had authority to bind Jet and (2) there was sufficient consideration to support the agreement.  Because Spin does not succeed on the first, we do not reach the second.

Parties agree that Texas law governs whether Owen had authority to bind Jet.  Under Texas law, "each governing person of a limited liability company and each officer of a limited liability company vested with actual or

---

[1] Spin failed to correct the record per Federal Rule of Bankruptcy Procedure 8009(e) when the transcripts were not included in the record provided to the district court.

[2] Arguments not properly raised before the district court are usually forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).  Within the bankruptcy context, however, "[o]ur review is properly focused on the actions of the bankruptcy court," not the district court. *In re Age Ref., Inc.*, 801 F.3d 530, 538 (5th Cir. 2015).  Because Spin raised the following arguments before the bankruptcy court, the arguments were not "raised for the first time on appeal." *Rollins*, 8 F.4th at 397.  As Spin adequately briefed this court on the arguments raised, we consider them in full.

apparent authority by the governing authority of the company is an agent of the company for purposes of carrying out the company's business." TEX. BUS. ORGS. CODE § 101.254(a).

Spin asserts that Owen had apparent authority to bind Jet. Apparent authority arises "either from a principal knowingly permitting an agent to hold himself out as having authority or by a principal's actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority he purports to exercise." *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007) (citation modified). "Thus, to determine an agent's apparent authority we examine the conduct of the principal and the reasonableness of the third party's assumptions about authority." *Id.*

Spin asserts that because Jet listed Owen as a general partner or LLC member manager on its tax return, the principals had assented to Owen's authority. But the return was not signed by any of the principals, the member-managers of the LLC listed on Jet's Certificate of Formation. *See* TEX. BUS. ORGS. CODE § 101.251. Thus, the tax return is not a "clear statement," or a statement at all, by the principals assenting to Owen's authority, as Spin contends.

Spin claims it was reasonable to assume Owen's authority. But Spin did not communicate with any of Jet's member-managers, nor did Spin review Jet's Certificate of Formation. Spin claims that because Owen had access to Jet's bank accounts, it reasonably assumed he had authority. But Spin's representative admitted that "just because someone knows how to access the bank account doesn't mean that they have authority to act on behalf of the company." Thus, Spin was not reasonable in assuming Owen's authority to bind Jet.

Because Jet's member-managers did not hold out Owen to be an

No. 25-50206

authorized agent, leading to reasonable reliance of another, Owen did not have authority to bind Jet.  Thus, Spin's claim against Jet is not enforceable. The judgment is accordingly AFFIRMED.