# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-60103

———————

United States Court of Appeals
Fifth Circuit

**FILED**
October 13, 2023

Lyle W. Cayce
Clerk

Christopher L. Sechler; Susan R. Sechler,

*Plaintiffs—Appellants*,

*versus*

U.S. Bank National Association, *Trustee for* Truman 2016 SC6 Title Trust,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:22-CV-198

———————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

This dispute arises out of a foreclosure on the Sechlers' home after they failed to pay their mortgage payments for over seven years. The Sechlers brought a wrongful foreclosure complaint against U.S. Bank National Association, alleging that the Deed of Trust by which U.S. Bank asserts its foreclosure rights is void. U.S. Bank filed a motion to dismiss for

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court granted. For the reasons below, we AFFIRM.

## I

The Deed of Trust attached to the Sechlers' mortgage underwent several assignments. At the end of this chain of assignments comes U.S. Bank, the appellee in this case. U.S. Bank also holds the Promissory Note. Because of the Sechlers' failure to pay their mortgage, U.S. Bank foreclosed on their home.

The Sechlers then filed suit and brought a wrongful foreclosure claim. The Sechlers' primary argument is that there were issues with the assignment of the Deed of Trust and therefore U.S. Bank cannot foreclose. U.S. Bank then moved to dismiss pursuant to Rule 12(b)(6). U.S. Bank argued that because it holds the Promissory Note it had the right to foreclose even if there were issues with the assignment of the Deed of Trust. The district court agreed with U.S. Bank and granted its motion to dismiss. The district court also determined that the Sechlers lacked prudential standing to bring the wrongful foreclosure claim. The Sechlers appealed.

## II

We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light more favorable to the plaintiffs." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quotation omitted). A complaint must plead enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III

On appeal, the Sechlers argue that (1) they do in fact have prudential standing to bring the wrongful foreclosure claim; (2) U.S. Bank cannot foreclose, because there were alleged issues with the assignment of the Deed of Trust; (3) the statute of limitations under which U.S. Bank could bring its foreclosure claim has passed (4) they were not in default because of an alleged loan modification.

The Sechlers lack prudential standing to bring a wrongful foreclosure claim. "[P]rudential standing does not present a jurisdictional question, but a merits question: who, according to the governing substantive law, is entitled to enforce the right?" *Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022) (quotation omitted). Essentially, the Sechlers lack a valid cause of action. *See id.* We have observed, "Mississippi case law holds that when an obligor defaults, the trustee of the deed may foreclose, and the obligor lacks standing to pursue a wrongful foreclosure claim." *Helmert v. Cenlar FSB*, 802 F. App'x 125, 127–28 (5th Cir. 2020) (holding that the plaintiff lacked standing to pursue a wrongful foreclosure claim, despite his arguments that the deed was improperly assigned); *see Peoples Bank & Tr. Co. & Bank of Miss. v. L & T Devs., Inc.*, 434 So. 2d 699, 708 (Miss. 1983), *judgment corrected*, 437 So. 2d 7 (Miss. 1983); *see also Patton v. Am. Home. Mortg. Servicing, Inc.*, No. 1:11CV420-HSO-RHW, 2013 WL 1310560, at *4 (S.D. Miss. Mar. 28, 2013) ("Plaintiff's responsibilities under the Deed of Trust and Note remained unchanged regardless of any assignments of these instruments."). Because the Sechlers do not dispute that they have failed to make any mortgage payments in over seven years, which puts them in default of the Promissory Note, the district court correctly determined they lack prudential standing to bring a wrongful foreclosure claim.

No. 23-60103

The Sechlers argue that there were some issues with the assignments of the Deed of Trust, and because of those issues, U.S. Bank cannot foreclose on their home.  However, the Sechlers fail to cite any case law to support their proposition.  In fact, the case law suggests otherwise: in *Applewhite v. Carrington Mortgage Services, LLC*, for example, the court stated that "[t]here is no express provision requiring assignment of the Deed of Trust under Mississippi law and this court declines to impose such a requirement. . . . [T]his court sees no limitations on the holder of the Note enforcing the Deed of Trust that was never assigned."  No 1:13CVV83-NBB, 2014 WL 1291806, at *3 (N.D. Miss. Mar. 31, 2014).  Therefore, as the district court correctly determined, as long as U.S. Bank holds the Promissory Note, it has the ability to enforce the Deed of Trust and foreclose under Mississippi law.

The Sechlers also claim that the statute of limitations, which is six years for U.S. Bank to bring a foreclosure action, has passed.[1]  However, under Mississippi law, the statute of limitations runs "from and after the maturity date of the last note or installment."  Miss. Code Ann. § 89-5-19.  The Deed of Trust and the Promissory Note reflect a maturity date of March 1, 2023.  Therefore, the statute of limitations has not run.

Finally, the Sechlers argue for the first time on appeal that they were not in default of the loan because a previous loan agent, from a predecessor to U.S. Bank, agreed with them to a loan modification.  Again, this court does not "ordinarily consider issues that are forfeited because they are raised for the first time on appeal."  *Rollins*, 8 F.4th at 398.  Accordingly, because the

---

[1] On appeal, for the first time, the Sechlers argue that a previous lender accelerated the loan (and that they can prove as such) and therefore the statute of limitations did in fact run.  This court does not consider issues first raised on appeal.  *See Rollins v. Home Depot USA*, 8 F.4th 393, 398 (5th Cir. 2021).

No. 23-60103

Sechlers brief this argument for the first time on appeal, this court does not consider it. *See id.*

## IV

The judgement of the district court is AFFIRMED.