# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2023

Lyle W. Cayce
Clerk

No. 23-30113

Amalgamated Transit Union; Valerie Jefferson,

*Plaintiffs—Appellants*,

*versus*

New Orleans Regional Transit Authority; Alex
Wiggins,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1790

_____

Before Graves, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Valerie Jefferson, a bus driver and president of the Amalgamated Transit Union, was fired after she made certain comments to the CEO of the company. So she and the union collectively brought this suit. The parties present conflicting accounts of what she said to the CEO. On appeal, Plaintiffs argue that this fact dispute precludes summary judgment. But

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30113

Plaintiffs never argued to the district court that the employer's investigation of the incident was unreasonable. Without that argument, Supreme Court precedent requires us to defer to the employer's decision. Accordingly, we affirm.

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish a First Amendment retaliation claim, the plaintiff must show that (1) she suffered an adverse employment action, (2) she spoke as a citizen on a matter of public concern, (3) her interest in speaking outweighs the government's interest in efficient provision of public services, and (4) the protected speech motivated the adverse employment action. *See Nixon v. City of Hous.*, 511 F.3d 494, 497 (5th Cir. 2007).

In First Amendment retaliation cases, the parties may disagree as to the "factual basis for applying the test—what the speech was, in what tone it was delivered, what the listener's reactions were." *Waters v. Churchill*, 511 U.S. 661, 668 (1994). In such cases, courts must defer to the employer's decision, but only so long as that decision "rests on a reasonable belief about the contents of the speech, formed after an objectively reasonable investigation of the facts to determine what the employee actually said." *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 470 (5th Cir. 2014) (citing *Waters*, 511 U.S. at 677–78).

We need not decide whether the employer's investigation was reasonable here, because, as the district court noted, Plaintiffs did not "dispute the applicability of *Waters* . . . ; indeed, they ma[d]e no response to the argument whatsoever." *Amalgamated Transit Union v. New Orleans Reg'l Transit Auth.*, 2023 WL 1469570, at *11 (E.D. La. Feb. 2, 2023). Plaintiffs' counsel conceded during oral argument that they failed to argue that the investigation was unreasonable before the district court. Oral Arg. at

2

37:55–39:54. In fact, Plaintiffs did not acknowledge the *Waters* precedent until their appellate reply brief, despite Defendants' arguments at the summary judgment phase. Accordingly, Plaintiffs forfeited the argument. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal."); *see also Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 270 (5th Cir. 1998) ("Generally, we do not address points presented for the first time in a reply brief.").

During oral argument, Plaintiffs' counsel contended only that they had "argued it factually . . . showing the facts that show[ed] that the investigation was not reasonable." Oral Arg. at 38:04–38:16. But a party must "assert a legal reason why summary judgment should not be granted" or the ground "cannot be considered or raised on appeal." *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (citation omitted). "[T]he party must press and not merely intimate the argument during the proceedings before the district court. An argument must be raised to such a degree that the district court has an opportunity to rule on it." *Dallas Gas Partners, L.P. v. Prospect Energy Corp.*, 733 F.3d 148, 157 (5th Cir. 2013) (citation omitted).

We accordingly affirm.[1]

---

[1] Plaintiffs argued that Jefferson's termination was retaliation in violation of both Jefferson's First Amendment right to free speech and free association. We agree with the district court that the freedom of speech claim and the freedom of association claim fail for essentially the same reasons. The Supreme Court has held that *Waters* not only applies to cases involving protected speech but also to those involving protected political activity. *See Heffernan v. City of Paterson, N.J.*, 578 U.S. 266, 273 (2016) ("We conclude that, as in *Waters*, the government's reason for demoting Heffernan is what counts here. When an employer demotes an employee out of a desire to prevent the employee from engaging in political activity that the First Amendment protects, the employee is entitled to challenge

_____

that unlawful action under the First Amendment . . . even if, as here, the employer makes a factual mistake about the employee's behavior.").