# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2024

Lyle W. Cayce
Clerk

———————

No. 21-20468

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Andy Badenock,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-405-5

———————————————————

Before King, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Andy Badenock of conspiracy to possess with intent to distribute cocaine. Before proceeding to trial, Badenock moved to dismiss his indictment, claiming that the Government violated his Sixth Amendment right to a speedy trial. According to Badenock, the Government had all the evidence it needed to indict him two-and-a-half-years before it did so. Such a delay, Badenock believed, resulted in the loss of "two witnesses that could

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

ation

have testified on his behalf." Citing this and the factors outlined in *Barker v. Wingo*, 407 U.S. 514 (1972), Badenock urged the district court to dismiss the indictment on speedy trial grounds.

The district court refused to do so. As a threshold matter, the court found that the Sixth Amendment did not apply to Badenock's challenge. It instead recognized that the two protections against pre-indictment delay were statutes of limitations and the Due Process Clause of the Fifth Amendment. Considering both in its ruling, the court then analyzed whether the two-and-a-half-year delay was unlawful. Regarding the statute of limitations, the court explained that Badenock was indicted well within the five-year timeframe permissible for his charged crimes. *See* 18 U.S.C. § 3282(a). As for the Due Process Clause, the court applied the relevant standard, and concluded that Badenock could show neither bad faith nor prejudice. Taken together, the district court ruled that Badenock's pre-indictment delay did not violate his constitutional or statutory rights.

On appeal, Badenock contests that ruling. Even so, his opening brief discusses only Sixth Amendment issues and cites only Sixth Amendment authority. Despite Badenock's framing of the issues, the district court correctly analyzed Badenock's challenge under the Fifth Amendment Due Process Clause. *United States v. Lovasco*, 431 U.S. 783, 788 (1977) (holding that "the Speedy Trial Clause of the Sixth Amendment . . . is wholly irrelevant" when considering "preindictment delay"); *United States v. Avants*, 367 F.3d 433, 441 (5th Cir. 2004) (analyzing whether a pre-indictment delay violates due process). And because Badenock does not address the merits or basis of the district court's ruling, the result "is the same as if he had not appealed [the] judgment" at all. *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal."). As a result, Badenock raises no

No. 21-20468

viable issue on appeal, and the judgment of the district court is AFFIRMED.