# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2025

Lyle W. Cayce
Clerk

No. 24-30340

Davⁱd Buⁱ Dang,

*Plaintiff—Appellant*,

*versus*

Toyota Motor North America, Incorporated; Toyota Motor Engineering & Manufacturing North America, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-4607

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

David Dang was transported to University Medical Center in New Orleans after crashing a 2014 Lexus ES350 into an interstate guardrail. Hospital testing revealed his blood-alcohol level was three times the legal limit for operating a motor vehicle. Dang said that he "crashed his car on purpose" as "an attempt to end his life." He later brought this Louisiana

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

products-liability suit against Toyota Motor Sales, USA, Inc. ("TMS"), Toyota Motor North America, Inc. ("TMNA"), and Toyota Motor Engineering and Manufacturing North America, Inc. ("TEMA"). He claims that his injuries were exacerbated because a side airbag failed to deploy.[1]

The Louisiana Products Liability Act ("LPLA") applies only to product manufacturers. *Jack v. Alberto-Culver USA, Inc.*, 949 So. 3d 1256, 1258 (La. 2007) (citing La. Rev. Stat. Ann. § 9:2800.54(A)). TEMA and TMNA argued twice in the district court that neither entity is a manufacturer. Dang failed to produce evidence or argument to rebut their contention.[2] The only exception on appeal is when he explains in his statement of the case that he filed this action under the "theory" that the "Lexus ES350 designed, engineered, manufactured, and sold by the Appellees contained an airbag safety system that was unreasonably dangerous." But this general description of his litigation theory can hardly be characterized as argument or evidence that would require a trial.

It is a well settled rule in this circuit that a party forfeits a non-jurisdictional argument "by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (citations omitted). Dang has twice forfeited any argument that TEMA or TMNA are manufacturers for purposes of

_____

[1] The district court dismissed TMS after Dang failed to serve process. Dang does not contest the dismissal.

[2] His omission on this point is not the only flaw in this litigation. In the district court, Dang failed to (1) propound discovery on the named defendants; (2) notice a deposition; (3) disclose any expert witnesses; (4) provide any expert witness report; or (5) disclose who he would have testify on his behalf. And another panel of this court revived his appeal after he failed to timely file an opening brief.

No. 24-30340

LPLA liability—an essential element of his LPLA claim. The district court therefore correctly granted summary judgment to TEMA and TMNA. *See Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254 (5th Cir. 2002) ("[I]f the non-moving party can point to nothing in the record supporting its claim, summary judgment is appropriate."). We AFFIRM.