# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-11075
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 27, 2025

Lyle W. Cayce
Clerk

Randy R. Moore, Sr.,

*Plaintiff—Appellant*,

*versus*

JP Morgan Chase,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-603

———————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Moore submitted payment for a loan in the form of an endorsed payment bill that he created. In other words, Moore tried to pay without money. 31 U.S.C. § 5103 ("United States coins and currency . . . are legal tender for all debts, public charges, taxes, and dues."). Unsurprisingly, Defendant-Appellee JP Morgan Chase did not accept Moore's tender, and

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11075

Moore's account became delinquent. He sued alleging, inter alia, breach of contract for $15,000,000. The district court, adopting the magistrate's recommendation, granted JP Morgan Chase's motion to dismiss and entered a judgment against Moore. Moore appeals.

On appeal, Moore asserts three issues. First, Moore argues that the district court erred in dismissing his breach of contract claim. Assuming the existence of a valid contract, Moore's complaint clearly fails to allege facts demonstrating breach under Texas law. *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.).

Second, Moore argues that the district court erred in finding that he failed to state a claim for negligence. But Moore's complaint never mentions negligence, nor did the district court dismiss any purported negligence claim. Because he raises the issue for the first time on appeal, the issue is forfeited. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021).

Third, Moore argues that the district court erred in denying him leave to amend his complaint. Neither Moore's brief nor the record suggests that amendment could cure the complaint's deficiencies. Amendment would thus be futile. *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023).

In sum, Moore has alleged no claim that JP Morgan Chase acted improperly. Accordingly, the judgment of the district court is, for all purposes,

AFFIRMED.

2