# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2026

Lyle W. Cayce
Clerk

No. 24-60379

Stephen Lewis,

*Plaintiff—Appellee*,

*versus*

Whitney Walley, *Detective, in her official and individual capacity as a Southaven Police Department Detective*,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:23-CV-336

---

Before Smith and Richman, *Circuit Judges*.[*]

Jerry E. Smith, *Circuit Judge*:

The opinion issued on February 23, 2026, is WITHDRAWN, and the following opinion is SUBSTITUTED:

\* \* \* \* \*

Stephen Lewis sued Detective Whitney Walley under 42 U.S.C.

---

[*] Judge Dennis was a member of the panel that heard this case but took inactive status after the case was submitted. This matter is decided by a quorum under 28 U.S.C. § 46(d).

§ 1983 for alleged violations of his Fourth Amendment rights. The district court denied defendant's motion for judgment on the pleadings for the Fourth Amendment search claim, thus denying Walley's defense of qualified immunity ("QI"). Walley appeals, and we reverse and render a judgment of dismissal.

## I. Background

On November 1, 2020, an individual reported to the police that a debit card had been stolen from his car and that bank records indicated that the card had been used to purchase goods at a Best Buy store in Southaven, Mississippi. The Southaven Police Department ("SPD") responded to investigate. Best Buy produced a receipt documenting the allegedly fraudulent purchase and reviewed security tape for footage of the suspect who made the purchase. Though the SPD did not immediately identify a suspect, it continued to investigate.

On November 13, in Greenville, Mississippi, 150 miles away, the Washington County Sherriff's Department ("WCSD") arrested Lewis for an unrelated automobile burglary. The investigator, Cory Weatherspoon, searched Lewis's phone for evidence pertinent to that investigation. Weatherspoon did not obtain a search warrant before conducting the search of Lewis's phone. During the search, Weatherspoon discovered evidence of receipts from a Best Buy store in Southaven.

Weatherspoon called the SPD, informed the SPD that the WCSD "had someone in custody for auto burglary and in the course of their investigation they located evidence of multiple fraudulent purchases with illegally obtained credit cards including a receipt from Best Buy for a large amount." Walley of the SPD contacted Weatherspoon about the receipt. Weatherspoon informed Walley that Lewis was arrested for automobile burglary and that Weatherspoon had conducted a search of Lewis's cell phone per a search

warrant, though Walley did not know that a warrant had not actually been issued before the search. Weatherspoon confirmed that the phone contained pictures of receipts from the Best Buy.

Weatherspoon emailed the images to Walley. Walley reviewed the images that contained a receipt that matched the date, time, items, and amounts of the items purchased on the stolen credit card.

Based on the images of the receipt, along with copies of receipts provided by Best Buy, Walley prepared an arrest warrant for Lewis. Although Lewis was indicted, the charges were eventually remanded to the file in 2022.

Lewis filed numerous constitutional claims against Walley. The district court dismissed all but one. In the remaining claim, at issue on appeal, Lewis alleged that Walley's review of the photographs sent by Weatherspoon constituted a warrantless search in violation of the Fourth Amendment. Walley moved for judgment on the pleadings, alleging there was no Fourth Amendment violation and that she was entitled to QI.

The district court denied the motion. First, the court held that Walley's review of the photographs constituted a Fourth Amendment search of Lewis's phone. Because the search occurred without a warrant, the court held there was a constitutional violation. Second, the court held that the violation was clearly established because "the Fifth Circuit has repeatedly recognized that under the Fourth Amendment an officer must generally obtain a warrant to search the digital contents of a person's cell phone." Walley appeals.

## II. Standard of Review

The court has jurisdiction under 28 U.S.C. § 1291 to review final judgments. 28 U.S.C. § 1331. Because Lewis's claims arise under § 1983,

and the denial of QI is a "final decision" under § 1291,[1] this court has juris-diction over Walley's appeal.

We review the denial of a motion for judgment on the pleadings *de novo*. *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). "The standard for Rule 12(c) motions for judgment on the pleadings is identical to the stan-dard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "These standards are the same when a motion to dismiss is based on [QI]. So, a complaint survives dismissal if it pleads facts that, if true, would permit the inference that defendants are liable under § 1983 and would overcome their [QI] defense. Thus, it is the plaintiff's burden to dem-onstrate that [QI] is inappropriate." *Benfer v. City of Baytown*, 120 F.4th 1272, 1279 (5th Cir. 2024) (citation modified), *cert. denied*, 145 S. Ct. 1313 (2025).

## III. Analysis

Walley appeals the denial of her QI defense for the Fourth Amend-ment search claim. We first handle Lewis's assertion that Walley forfeited the defense.

## A. Forfeited Arguments

"A party forfeits an argument by failing to raise it in the first instance

---

[1] "[A] district court's denial of a claim of [QI], to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwith-standing the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

in the district court—thus raising it for the first time on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). A defendant's broad invocation of QI is sufficient to prevent forfeiting the argument. *See Terrell v. Allgrunn*, 114 F.4th 428, 440 (5th Cir. 2024) (holding that an officer asserting QI, even in passing, before the district court is sufficient to raise a QI defense on appeal).

Lewis asserts that Walley's QI defense cannot succeed because Walley has forfeited it. But Walley raised QI in her motion for judgment on the pleadings, asserting that "[a]ll of Lewis's federal law claims fail because Det. Walley is entitled to [QI]." Further, Walley explicitly invoked that defense for each claim, including the Fourth Amendment search claim.

Lewis contends that Walley's invocation of QI is not sufficient because "[a]t no point in the district court did Detective Walley dispute that she conducted a Fourth Amendment search on Mr. Lewis's cell phone." Lewis misapplies the burden in QI cases. Where a defendant raises QI, the burden shifts to the plaintiff to show a specific constitutional violation, instead of the defendant's having to disprove affirmatively every element of a constitutional claim. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). Thus, Walley need only have pleaded the QI defense before the district court. Walley's general assertion of QI, along with her specific assertion that "[t]here was no wrongful search and seizure of Lewis's cellphone," is sufficient to continue her QI defense for the Fourth Amendment claim in full. *See Terrell*, 114 F.4th at 440.

## B. Qualified Immunity

"The doctrine of [QI] protects public officials from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011) (quoting *Pear-*

*son v. Callahan*, 555 U.S. 223, 231 (2009)).  Where a defendant asserts QI, "the burden shifts to the plaintiff to show that the defense is not available." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015).

"[A] plaintiff seeking to overcome [QI] must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Carmona v. City of Brownsville*, 126 F.4th 1091, 1096 (5th Cir. 2025).[2]  The description of that second prong includes the understanding that, "to succeed in opposition to QI asserted in a Rule 12(b)(6) motion to dismiss, even where plaintiff adequately pleads the violation of a federal right, plaintiff still must adequately plead that defendant's conduct was objectively unreasonable in light of clearly established law."  *Id.* (citation modified); *see also Ziglar v. Abbasi*,

---

[2] While "some of our older caselaw" described QI as having a third component—objective unreasonableness—we have since clarified that that formulation is mistaken and "a vestige of older case law that predates the Supreme Court's current test." *Parker v. LeBlanc*, 73 F.4th 400, 406 n.1 (5th Cir. 2023).  Under current Supreme Court precedent, QI has only two prongs.  There is no standalone requirement that a plaintiff separately plead or prove "objective unreasonableness."  Some of our more recent decisions make this explicit: "[T]here is no 'standalone "objective reasonableness" element to the Supreme Court's two-pronged test for qualified immunity.'" *Hicks v. LeBlanc*, 81 F.4th 497, 503 n.14 (5th Cir. 2023) (quoting *Baker v. Coburn*, 68 F.4th 240, 251 n.10 (5th Cir. 2023)).

When courts—including the Supreme Court—use "objective reasonableness" language, they are not adding a third step but, instead, are merely describing what the second prong already asks: whether the defendant's conduct violated "clearly established law." *See, e.g.*, *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken.'" (citation modified)); *Carmona*, 126 F.4th at 1096 (explaining that the "second prong" requires a plaintiff to "adequately plead that defendant's conduct was objectively unreasonable in light of clearly established law" (citation modified)).  In that sense, "objective unreasonableness" is descriptive, not additive.  It explains how the clearly-established-law inquiry operates; it does not impose an extra hurdle beyond the Supreme Court's two-pronged framework.

582 U.S. 120, 151 (2017) ("Whether qualified immunity can be invoked turns on the objective legal reasonableness of the official's acts.") (internal quotation marks omitted). We "have discretion to skip the first inquiry and resolve a case solely on clearly established grounds*." Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018) (per curiam) (citing *Pearson*, 555 U.S. at 240).

A government official "violates clearly established law when, at the time of the challenged conduct, the contours of the right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citation modified). Although a case does not have to be "directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018).

Whether it was clearly established that Walley violated Lewis's Fourth Amendment rights turns on two issues: (1) the state of clearly established Fourth Amendment law at the time of the alleged violation and (2) whether Walley's conduct violated that clearly established law.

1. Fourth Amendment Law at the Time of the Alleged Violation

Lewis alleges that it was clearly established that Walley's conduct violated the Fourth Amendment because "a search occurs when an officer scrutinizes or reviews the digital contents or data on an individual's cell phone."

Lewis primarily relies on *Riley v. California*, 573 U.S. 373 (2014), in which the Court analyzed searches of smart phones under the Fourth Amendment. In *Riley*, police seized defendant's phone subject to his arrest under the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement. *Id* at 379. Officers then searched the digital contents

of the phone, in which they found incriminating evidence. *Id.* The Court held that though the physical seizure of the phone fell under the search-incident-to-arrest exception, the officer's first-hand search of the digital contents of the phone did not. *Id.* at 386. Thus, the officer needed a warrant before searching the phone. *Id.* at 403.

Lewis avers that *Riley* clearly established that Walley's conduct was a Fourth Amendment violation. But the Court in *Riley* did not analyze what constitutes a "search" under the Fourth Amendment. *Id.* at 395 n.1. The issue was whether a first-hand search of a cell phone's digital contents qualified for the search-incident-to-arrest exception. *Id.* at 401. Though the Court recognized a general privacy right in the contents of cell phones that outweighed the justification for the search-incident-to-arrest exception, it did not clearly establish that an *extraction and subsequent viewing* of contents from a cell phone constituted a Fourth Amendment search. Indeed, the Court explicitly said that *Riley* did not "implicate the question whether the collection or inspection of aggregated digital information amounts to a search under other circumstances." *Id.* at 395 n.1.

The one case to which Lewis points in which this court explicitly recognized that an extraction and subsequent viewing of cell phone contents constituted a "search" does not relate to the Fourth Amendment's definition of a search. In *United States v. Gallegos-Espinal*, 970 F.3d 586 (5th Cir. 2020), we held that a defendant's written consent to "a complete search" of his phone included a subsequent inspection by other officers. But we focused on the ordinary meaning of the term "complete" as included in the terms of the consent, not on the meaning of "search" in the Fourth Amendment. *Id.* at 592. It can hardly be said that *Gallegos-Espinal* "clearly established" Walley's conduct to be a Fourth Amendment violation when "the only issue pre-

sented . . . concern[ed] the scope of Gallegos′s consent." *Id.* at 593.

The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quoting *al-Kidd*, 563 U.S. at 742). But Lewis does just that. According to him, "a [Fourth Amendment] search occurs when an officer scrutinizes or reviews the digital contents or data on an individual's cell phone." Lewis does not point to a case in which this court or the Supreme Court recognized that such a right extended to second-hand viewings of individual pieces of information taken off a phone by a *different* officer. As a result, such conduct is not a clearly established Fourth Amendment violation.

### 2. Walley's Conduct

As we have said, in regard to the requirements of the second prong of QI, Lewis must "plead enough to allege that the constitutional violation was clearly established at the time." *Allen v. Hays*, 65 F.4th 736, 745 (5th Cir. 2023). As we have said, *see supra* note 2, the second prong is understood to require that the plaintiff "adequately plead that defendant's conduct was objectively unreasonable in light of clearly established law." *Carmona*, 126 F.4th at 1096 (citation modified). Lewis avers that Walley was objectively unreasonable in relying on Weatherspoon's statements indicating the presence of a warrant.

First, Lewis claims that a reasonable officer would understand "that search warrants are limited authorizations confined to a particular scope, not open-ended authorizations that officers may interpret at their discretion." He avers that Walley failed to act reasonably when she did not ensure the search was authorized by a warrant.

That assertion fails. It was not clearly established that Walley conducted a Fourth Amendment search, and thus needed a warrant, in the first

place, for the reasons described above.

Second, Lewis posits that Walley acted unreasonably because Weatherspoon did not state that a warrant had been issued, but merely that one had been "completed." Not so.

Weatherspoon informed Walley that Lewis was in custody for automobile burglary, that Weatherspoon had located several electronic devices, had "completed a search warrant," and had searched Lewis's phone. Based on Weatherspoon's statements indicating a warrant and the chronology of events, it was reasonable for Walley to believe that Weatherspoon's search was made per a warrant.

Lewis cannot point to any authority indicating that such reliance violated clearly established law. Lewis invokes *Groh v. Ramirez*, 540 U.S. 551, 563 (2004), which explains that "[i]t is incumbent on the officer executing a search warrant to ensure the search is lawfully authorized and lawfully conducted." According to *Groh*, when an officer does not "have in his or her possession a warrant particularly describing the things he or she intendeds to seize, proceeding with a search is clearly 'unreasonable' under the Fourth Amendment." *Id.* (citation modified). But *Groh* does not render Walley's actions sufficiently unreasonable as to be clearly unconstitutional, as it is not clearly established that Walley was "executing a search warrant" or "conducting a search" at all.

Because Lewis has not shown that Walley's conduct violated clearly established law, he has not overcome Walley's defense of QI. *See Carmona*, 126 F.4th at 1096. Because Lewis fails to show a clearly established constitutional violation, we do not reach the other prong of the QI test.

\* \* \* \* \*

Walley has not forfeited her defense of QI, and the defense succeeds. Lewis has not shown that Walley's conduct was a clearly established Fourth

No. 24-60379

Amendment violation.  The judgment accordingly is REVERSED, and a judgment of dismissal is RENDERED.