# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2026

Lyle W. Cayce
Clerk

No. 25-40374

_____

Alexander Manse Para,

*Plaintiff—Appellant*,

*versus*

Progressive Michigan Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:24-CV-93

_____

Before Clement, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Alexander Para, a beneficiary of his former employer's commercial auto policy, appeals the grant of summary judgment in favor of the employer's insurer, Progressive Michigan Insurance Company ("Progressive"), in his suit for denied insurance benefits. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40374

I

Para, a Texas resident, was a truck driver for JT Transportation. JT Transportation, a Michigan company, had a Personal Injury Protection ("PIP") policy with Progressive, another Michigan company. The policy was issued in Michigan, for vehicles garaged in Michigan, and provides that Michigan law applies to any claims for PIP benefits.[1] Para was a beneficiary under the policy.

After he was injured in a work-related motor vehicle accident on May 5, 2020, Para submitted a claim to Progressive for PIP benefits. On November 25, 2020, Progressive sent Para a letter explaining that the investigation for the claim is "complete," and it "is unable to afford coverage for all or part of th[e] loss" based on his "lack of cooperation" and failure to provide previously requested information. It also asserts that "[i]f any . . . information is inaccurate, or if . . . [Para] ha[s] any information or evidence that" he would like Progressive "to take into consideration that might alter th[e] decision," he should contact Progressive immediately.

Progressive sent Para a second letter on May 5, 2021, stating that "[t]he claim has been denied for non-cooperation as of November 25, 2020," and it was "unable to consider payment" until the "forms of cooperation" it "previously requested" were received. Following this letter, Para's attorney

---

[1] The relevant provision states:

> Subject to the Limits of Liability, if you pay a premium for Personal Protection Insurance, we will pay Personal Protection Insurance Benefits required by the Michigan No-Fault Law, Chapter 31 of the Michigan Insurance Code, as amended, for accidental bodily injury to an eligible injured person arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, subject to the exceptions, exclusions and limitations specified herein and as additionally provided by the law of the State of Michigan.

2

notified Progressive that Para was unwilling to provide the information it requested. On July 8, 2022, Progressive sent Para a third letter, stating that Progressive "hereby den[ies] any claims for PIP benefits" and "will not issue benefits" because of Para's failure to provide the requested information. It also stated that "[u]pon submission of the requested information/documentation, [Progressive] will continue with the investigation and handling of [Para's] claim." Progressive subsequently sued Para for declaratory relief in Michigan, but the case was dismissed on January 26, 2023, after Progressive was ordered to show cause why it should not be dismissed for failure to prosecute.

Para filed this lawsuit against Progressive on May 9, 2024, asserting claims for breach of contract and breach of the duty of good faith and fair dealing, as well as claims for violations of the Texas Unfair Claims Settlement Practices Act and the Texas Deceptive Trade Practices Act ("DTPA"). Eight days later, Para filed a separate pro se suit against Progressive in the Western District of Texas, alleging that Progressive breached the policy by failing to pay his claim from the May 5, 2020, accident. The district court dismissed Para's pro se lawsuit, and Para appealed.

While Para's pro se appeal was pending, Progressive moved for, and was granted, summary judgment in this case. The district court held that, because his prior pro se lawsuit was based on the same incident giving rise to the claims in this case and had been dismissed with prejudice, Para's claims were barred by the doctrine of res judicata. The court concluded, however, that, even if Para's claims were not barred by res judicata, Progressive was still entitled to summary judgment because there was no genuine dispute of material fact that Para's claims had accrued on November 5, 2020. As a result, his contract claim was time-barred under Michigan law, and his breach

of the duty of good faith and fair dealing and DTPA claims were time-barred under Texas law.[2] Para now appeals.

## II

"We review a district court's grant of summary judgment de novo, applying the same standard on appeal as that applied below." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We must draw all reasonable inferences and construe all evidence in the light most favorable to the nonmoving party. *See Rogers*, 755 F.3d at 353.

## III

Para argues that the district court erred in holding that (1) his claims were barred by the doctrine of res judicata; (2) Michigan law applied to time-bar his contract claim; and (3) there was no genuine issue of material fact concerning whether and when Progressive formally denied his benefits claim.

## A

Para first argues that the court erred in concluding that the doctrine of res judicata bars his claim.

Res judicata requires a prior final judgment on the merits. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). While this appeal was pending, this court vacated the dismissal of the breach of contract claim asserted in Para's pro se lawsuit and remanded it for further

---

[2] The court also held that because Para's contract claim is time-barred, he does not have a valid claim under the Unfair Claims Settlement Practices Act. Para does not challenge this determination on appeal.

proceedings. *See Bey v. Progressive Ins. Co.*, No. 24-50890, 2025 WL 3124837, at *1 (5th Cir. Nov. 7, 2025). As both parties now concede, vacatur renders res judicata inapplicable in this case because the breach of contract claims asserted in both cases are indistinguishable.

B

Para next argues that the court erred in applying Michigan law to his breach of contract claim. He contends that Texas law governs under the Texas Insurance Code as well as Texas choice of law principles, and that Texas is the forum with the most substantial relationship to the parties.[3]

"As a federal court sitting in diversity, we apply the choice-of-law rules of the forum state." *Cantu v. Jackson Nat. Life Ins. Co.*, 579 F.3d 434, 437 (5th Cir. 2009). Texas follows the RESTATEMENT (SECOND) OF CONFLICT OF LAWS (A.L.I. 1971). *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990). Under the RESTATEMENT, Texas courts first look to whether a state statute supplies a choice of law directive because § 6 instructs that a court "will follow a statutory directive of its own state on choice of law." RESTATEMENT § 6(1); *DeSantis*, 793 S.W.2d at 678 n.2.

---

[3] As noted, the district court found that even if Para's claims were not barred by res judicata, Progressive was still entitled to summary judgment. Because "[w]e may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court," *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015), we proceed to consider the alternate grounds for summary judgment.

No. 25-40374

Para argues that Article 21.42 of the Texas Insurance Code is a statutory directive requiring the application of Texas law. It states:

Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same.

Tex. Ins. Code Ann. art. 21.42.

Although Article 21.42 applies to insurance contracts "payable" to Texas citizens or inhabitants such as Para, Texas courts and this court have held that the "doing business" requirement is met "*when and only when* [insurance] contracts are made in the course of the [insurer]'s Texas business." *Howell v. Am. Live Stock Ins. Co.*, 483 F.2d 1354, 1358–61 (5th Cir. 1973); *Austin Bldg. Co. v. Nat'l Union Fire Ins. Co.*, 432 S.W.2d 697, 701 (Tex. 1968). Here, a Michigan insurance company issued an insurance policy to another Michigan company to provide insurance coverage for vehicles garaged in Michigan. The record supports the district court's finding that, "[w]hile both [companies] undoubtedly engage in some form of business in Texas, the insurance policy was neither created nor executed in the course of any of [Progressive]'s Texas business." Para has identified no summary judgment evidence in the record creating a genuine fact issue regarding whether the policy was created or issued in the course of Progressive's Texas

business. *See Howell*, 483 F.2d at 1358–61. Article 21.42 therefore does not supply a statutory directive here.

When no statutory directive applies, Texas courts turn to the Restatement's contractual choice of law principles and generally enforce the parties' chosen law. *See DeSantis*, 793 S.W.2d at 677–78 (applying Restatement § 187 to evaluate the parties' contractual choice of law clause). Under § 187(2), the parties chosen law governs "unless . . . (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state." Restatement § 187(2).

Section 187(2)(a) asks only whether the chosen state has a substantial relationship to the parties or the transaction, or whether another reasonable basis exists for the choice.[4] *Id.*; *see also Desantis*, 793 S.W.2d at 678. As discussed, the insurance policy was executed by two Michigan companies to provide insurance coverage for vehicles in Michigan, and it was governed by Michigan law. The record supports a finding that Michigan has a substantial relationship to the parties and transaction here. *See DeSantis*, 793 S.W.2d at 678. Although Para alleges that Texas has a substantial relationship to the dispute because he drove, received paychecks, and was licensed there, the exceptions to § 187(2) are not triggered just because another state also has contacts with the dispute. *See id.*

The district court did not err in finding that Michigan law applied.

---

[4] Although Para refers generally to § 187, the only exception he advances is the "substantial relationship" exception in § 187(2)(a). We therefore limited our analysis to that argument.

C

Finally, Para argues that the court erred in concluding that his breach of contract claim is time-barred. He contends that a genuine dispute of material fact exists as to whether Progressive formally denied his PIP claim and that, absent a formal denial, Michigan's one-year statute of limitations was tolled.

Under Michigan law, a PIP lawsuit must be brought within one year of the accident.[5] MICH. COMP. LAWS § 500.3145(1) (2019). The limitations period is "tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim." *Id.* § 500.3145(3). A "formal denial" need not be written, but it must be "explicit and direct," meaning it must "unequivocally impress upon the insured the need to pursue further relief in court." *Encompass Healthcare, PLLC v. Citizens Ins. Co.*, 998 N.W.2d 751, 757–58 (Mich. Ct. App. 2022) (citation modified) (defining "formal denial" as "explicit and unequivocal expressions of finality"), *vacated on other grounds*, 18 N.W.3d 319 (Mich. Ct. App. 2025); *see also Girimonte v. Liberty Mut. Ins. Co.*, 19 N.W.3d 921, 927–28 (Mich. Ct. App. 2023) (recognizing *Encompass Healthcare*'s definition of "formal denial").

We need not decide whether the letters stating that Progressive was denying Para's claim for PIP benefits constituted a formal denial for purposes of tolling the limitations period. Progressive's subsequent declaratory judgment action against Para unequivocally signaled that he "need[ed] to pursue further relief in court." *Encompass Healthcare*, 998

---

[5] Michigan law provides that "[a]n action for recovery of personal protection insurance benefits . . . may not be commenced later than 1 year after the date of the accident . . . ." MICH. COMP. LAWS § 500.3145(1) (2019).

No. 25-40374

N.W.2d at 758 (citation omitted). Because Para did not file his lawsuit until May 2024, well over a year after the dismissal of Progressive's declaratory judgment action against him on January 26, 2023, his claim was time-barred. The district court did not err.[6]

## IV

The judgment of the district court is AFFIRMED.

---

[6] To the extent Para argues that his other claims should be considered timely under Texas law, he has forfeited those arguments by failing to brief them. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal.").